### William Jenny and Another, Administrators, &c. vs. Cornelius O'Flynn.

A defendant in Chancery, who has appeared in the cause, is entitled, by statute, to notice of all subsequent proceedings. And where the rules fix the period of notice, such notice should in all cases be given.

A decree in Chancery, made without notice of hearing to a defendant who has appeared, or on notice insufficient, in point of time, will be reversed on appeal.

*Heard May 26th. Decided June 9th.*

Appeal from Macomb Circuit in Chancery.

The bill was filed by complainants, to foreclose a mortgage given by defendant to them in their representative character. Defendant appeared in person, and filed a general demurrer to the bill.

On the 2d of April, 1857, complainants' solicitor, residing at Mt. Clemens, mailed to defendant, at Detroit, his place of residence, notice of hearing on the demurrer, for the first day of the term commencing on the 7th of that month. On the 9th, defendant not appearing, the Court overruled the demurrer as frivolous; and, on an affidavit, stating on information and belief that the circuit court commissioner of the county was unable, from sickness, to perform his duties, an order was made, referring the case to a notary public and attorney at law, to compute the amount due on the mortgage. Defendant was served with no notice of this reference. On the 10th of the same month, the notary public made his report of

the amount due, and, on the filing of affidavit of regularity, the ordinary decree of foreclosure and sale was granted.

Defendant appealed to this Court.

*C. O'Flynn*, appellant, in person:

The notice of hearing was but a four day notice, while, by the Rules, double time was required — the solicitors not residing in the same county, and the service being by mail.— *Rules 2 and 3, in Chancery.*

Notice of the proceedings before the notary should have been given to defendant. After appearance, he is in all cases entitled to notice.— 1 *Barb. Ch. Pr.* 372, 569, 570; 2 *Paige*, 347; 4 *Paige*, 551.

The affidavit on mere information and belief, on which the reference to the notary was ordered, was insufficient. The facts should have been proved, and a physician would be the most competent person to prove the sickness of the commissioner. Besides, it does not appear that the notary is an attorney of the *Supreme Court of this State* — that he is an attorney at law is not sufficient. The duties of commissioner are of a high judicial character, and can not be performed by another, unless in a case and by an officer clearly authorized.

*C. I. Walker*, as *amicus curiæ*, suggested that the Legislature has no power under the Constitution to confer judicial powers upon notaries public. By the Constitution, the judicial power of the State is vested in certain courts and officers (*Const. Art. VI.* §§ 1, 23), either created by that instrument, or the power to create which is expressly granted. Judicial officers are made elective by the people, and though the Legislature may provide for the exercise of certain judicial powers by an officer in each county (*Art. VI.* § 16), this officer must be elective by the people.*

*A. S. Robertson*, for appellees:

Only the questions raised by the demurrer in the Court

* See *Chandler vs. Nash, post.*

below, can be considered on appeal. No question as to practice merely, can be entertained, nor can the exercise of the discretion of the Court below be questioned. — 1 *Barb. Ch. Pr.* 378; *Rowley vs. VanBenthuysen*, 16 *Wend.* 369, 379; *Tripp vs. Cook*, 26 *Wend.* 150, 155; *Kane vs. Whittick*, 8 *Wend.* 219.

CAMPBELL J.:

The bill was filed by complainants, to foreclose a mortgage given by defendant to them as administrators. Defendant demurred generally. Notice of hearing was served by mail, from Mt. Clemens, four days before the day of hearing, being a less time than the Rules required. On the 9th of April, 1857, upon proof of this notice, an order was made, over-ruling the demurrer as frivolous, and ordering a reference to a notary public, on account of the inability of the commissioner to act. On the next day, without any notice to the defendant, the notary made a report, and a final decree was entered. From this, the defendant appealed.

We think the decree should be reversed. The statute* contemplates that a party who has appeared shall be entitled to notice of all proceedings. Where the Rules, as in this case, provide the period of notice, such notice should in all cases be given. If the defendant here had been properly notified, he might, upon the hearing, have made a sufficient showing to entitle him to put in his answer. It does not follow, even where a demurrer is considered frivolous by the Court, that a showing of good faith and merits will not entitle a party to put in his defense. A court of equity will require diligence, but it does not favor the suppression of the truth. The Court erred in making any order whatever, upon the defective notice which was given.

The defendant was also entitled to notice of the hearing on the reference, that he might require the production of the instruments sued upon, and show any defense he might have

* Sec. 3500 of Compiled Laws.

had by way of payment or satisfaction of the claim.

The whole proceedings are characterized by a haste which was in violation of the defendant's rights, and can not be permitted to take them away.

It is unnecessary to pass upon the question of the authority of the notary to undertake the reference, as the defects in the proceedings go behind his appointment, and vitiate the order overruling the demurrer.

A decree must be entered, overruling the decree below, and vacating and annulling the order or decree which overruled the demurrer, and setting aside all the proceedings subsequent thereto, and reinstating the cause at issue upon demurrer, and remanding the cause to the Circuit Court for the county of Macomb, to be further proceeded in as law and justice may require.

The other Justices concurred.

*Decree reversed, and cause remanded.*