### E. T. Throop Martin and Another v. Andrew T. McReynolds and Others.

Where one of several assignees of a mortgage dies, his interest in the mortgage, and in the mortgage debt, survives to the others, and his personal representative is not a necessary party to a bill for the foreclosure of the mortgage.

One holding the equitable title, only, to a mortgage, may foreclose it in chancery.

The assignment of a debt secured by mortgage, carries with it, in equity, the mortgage as an incident to the debt, and the assignee may proceed in equity to foreclose it.

Where one holding only the equitable title to a mortgage, files his bill to foreclose it, the person holding the legal title should be made a party.

MARTIN v. McREYNOLDS.

An allegation in a bill for foreclosure, by the assignee of a bond and mortgage, that the bond and mortgage were "duly sold, assigned, and set over by the said mort-. gagees" to complainants, and that complainants are "the owners and holders thereof, and entitled to have and receive all moneys due thereon, as by reference to an instrument of assignment under the corporate seal of the said corporation [mort-. gagees], and now in possession of complainants," will appear—is an allegation of a legal assignment and transfer at law of all the rights of the mortgagees to, the complainants.

Where complainant, in a foreclosure suit, dismissed his bill, as against one made a party under the general allegation that he claimed some interest in the premises, as subsequent incumbrancer, or otherwise, the mortgagor, appealing to this court from the decree in the case, can not complain of such dismissal, since it, in no respect, affects his rights.*

An allegation in a foreclosure bill that no part of the mortgage debt has been col- lected or paid, when the bill sets out fully the mortgage, and shows the amount of the several installments, and when they became due, sufficiently shows the amount due on the mortgage.

Where, after overruling a demurrer in a foreclosure suit, the bill was taken as con- fessed by defendant, and the case referred to a commissioner to compute the amount due, the case heard on the commissioner's report, and decree of fore- closure made without notice of hearing to the defendant, who had appeared, but all the other proceedings in the case were regular, and no exception was taken by the defendant to the commissioner's report, and no application made to the court below for relief;—*Held*, That the Supreme Court would not, on the ground of want of notice of hearing alone, reverse the decree of the court below.

*Heard November 24th. Decided December 1st.*

Appeal, by defendant O'Flynn, from the Wayne Circuit in Chancery.

The case is sufficiently stated in the opinion of the court.

*C. O'Flynn,* defendant, in person.

*T. W. Lockwood,* for complainants.

MANNING J.:

Martin & Townsend, and one Ten Eyck, since deceased, on the 30th October, 1852, filed a bill in the circuit court of Wayne county to foreclose a mortgage, executed to the Farmers' & Mechanics' Bank by McReynolds and O'Flynn, and assigned by the bank to complainants. On the 1st of June, 1855, a petition was presented to the court by Martin & Townsend, stating the death of Ten Eyck after the filing of the bill, and that the cause of action survived to them, and

* See *Warner v. Whittaker, post.*

MARTIN *v.* McREYNOLDS.

praying an order allowing the suit to proceed in their names as survivors; which was granted by the court. Three days thereafter they filed an amended bill, in which Long, Camp-bell, McKinney, Halpin, Gray, and Probart, the other defendants, were made parties as subsequent purchasers or incumbrancers. On the 3d September following, an order was entered by complainants, dismissing the bill as to McKinney, and taking it as confessed against all of the other defendants, except O'Flynn who had appeared and filed a demurrer to the bill on the 3d August. The demurrer was brought to a hearing in October, 1857, when an order was made overruling the demurrer, and taking the bill as confessed by O'Flynn, and directing a reference to ascertain the amount due complainants on the bond and mortgage; and on the coming in and confirmation of the report of the circuit court commissioner, the usual decree was entered, from which O'Flynn appealed to this court, and now asks a reversal of the decree on several grounds:

1st, That the personal representative of Ten Eyck was not made a party. The interest of the assignees in the bond and mortgage was the interest the bank had. In other words, they stood in the position of mortgagees, and on the death of Ten Eyck, his interest in the mortgage, as well as in the debt, survived to complainants. Mortgages are, in express terms, excepted in the statute requiring grants to two or more persons to be construed to create estates in common.—*Comp. L.* §§ 2628, 2629. Hence in *Cote v. Dequindre, Walk Ch.* 64, it was held a bill might be filed by a surviving mortgagee to foreclose a mortgage without making the personal representative of a deceased co-mortgagee a party. In *Vickers v. Cowell,* 1 *Beav.* 529, the personal representative was held to be a necessary party, as he would, in equity, be entitled to the decedent's share of the debt, when collected. The reason given for the decision is true in point of fact, but the consequence deduced from it does not follow. When the object of the bill, as in that case and the one in *Walker,* and as in the case before

MARTIN v. McREYNOLDS.

us, is to obtain possession of the trust property by the trustee, to enable him to execute the trust, and the rights of the *cestui que trust* are in no way to be affected by the suit, he need not be made a party.— *Sill v. Ketchum, Harr. Ch.* 423; *Cook v. Wheeler, Harr. Ch.* 443; *Morey v. Forsyth, Walk. Ch.* 465. *Sill v. Ketchum* was a bill filed by Sill to foreclose a mortgage assigned to him in trust for third persons, who, it was objected, should be made parties. Chancellor Farnsworth overruled the objection, and sustained the bill.

2d. That the assignment, as stated in the bill, does not show a legal title to the mortgage in the assignees; that is, does not show such an assignment as would authorize them to quit-claim the mortgaged premises, or discharge the mortgage of record. An assignment must be recorded before steps can be taken by an assignee to foreclose a mortgage at law, by advertisement, under a power of sale contained in the mortgage.— *Comp. L.* § 5178. But it is not necessary to a foreclosure in chancery. A bill may be filed to foreclose a mortgage by one having an equitable right to it only. A debt secured by a mortgage, when assigned, carries with it, in equity, the mortgage as an incident to the debt, and the assignee may file a bill to foreclose the mortgage.— *Green v. Hart*, 1 *Johns*, 586; *Patterson v. Hull*, 9 *Cow.* 747; *Cooper v. Ulman, Walk. Ch.* 251. In such, and the like cases, the mortgagee, or person holding the legal right to the mortgage, should be a party, that there may be some one before the court to release the mortgaged premises, or discharge the mortgage of record, on payment of the debt by the mortgagor. The amended bill states, that on the first of April, 1852, the bond and mortgage were "duly sold, assigned, and set over by the said mortgagees" to complainants, and Ten Eyck, who died after the filing of the original bill, &c., and that complainants are "the owners and holders thereof, and entitled to have and receive all moneys due thereon, as by reference to an instrument of assignment under the corporate seal of the said corporation, and now in the possession of your ora-

tors," will fully appear. In stating an assignment, it is suffi-
cient to set it forth according to its legal import and effect,
without reference to its form or phraseology. By the words,
duly sold, assigned, and set over by an instrument of assign-
ment under the corporate seal of the said corporation, we un-
derstand a legal assignment and transfer at law, of all the
rights of the bank, to the assignees.

3d. That the bill should not have been dismissed as to
McKinney. It does not appear McKinney, in fact, had any
interest whatever in the mortgaged premises. He was not
a party to the original bill, but, with a number of others,
was made a party to the amended bill, as having, or claiming
to have, some right in the mortgaged property as subse-
quent purchaser, incumbrancer, or otherwise. Complainants
may have afterwards discovered he had no claim whatever,
and for that reason dismissed the bill as to him. However
that may be, we do not see how the appellant is to be
injured by it, or what right he has to complain.

4th. That the bill does not state what amount was due
when the suit was commenced. It is usual, after setting
forth the mortgage, and bond or note, if there be one accom-
panying it, to state the mortgage money is due and unpaid,
or, if the whole is not due, the part that is, and the payments
that have been made, if any. A bill would be demurrable that
did not state something was due, or unpaid, although it might
appear from the bill the whole, or a part, of the mortgage
money had become due; for the law presumes every man has
done his duty, and on that raises a presumption of payment,
unless the contrary is shown. — *Bailey v. Gould, Walk. Ch.*
478. The bill states, that "there is now due and unpaid on
the said bond, and said indenture of mortgage, more than the
sum of one hundred dollars." If this was all, we are inclined
to think the demurrer should have been allowed for uncer-
tainty in the averment. The amount claimed to be due and
unpaid should be stated, that defendant, on reading the bill,
may know whether it is necessary to appear and answer, to

MARTIN v. McREYNOLDS.

protect himself against an unjust demand. That, however, is certain which is capable of being reduced to a certainty; and, a little lower down in the bill, it is stated "no pro- ceedings at law have been had for the recovery or collection of the debt, or money secured to be paid by the said bond and indenture of mortgage, or for the collection of any part thereof; and that the said debt or moneys, and no part thereof, have been collected *or paid.*" Here is a clear and positive allegation that no part of the debt secured by the bond and mortgage has been collected or paid.

From previous statements in the bill, it appears the bond and mortgage were given on the 15th October, 1851, for the payment of $1912.75, one half in one year, and the other in two years, with interest payable semi-annually. The bill was filed 30th October, 1852. From these data, the amount due and unpaid when the suit was commenced can readily be ascertained.

5th. The next and last objection is that the case was heard on the commissioner's report, and a decree entered, without any notice of the hearing to appellant.*

This was clearly irregular, and on a proper application to the court below, appellant would have been entitled to have the decree set aside, on that ground alone; but it is not a sufficient reason for reversing the decree in this court. He should have made his application there before coming here for relief. The commissioner had made his report of the amount due, to which no exception had been taken; and we are at a loss to conceive any objection, going to the merits of the case, appellant could have made to the decree, had he been present.

In *Jenny v. O'Flynn,* 5 *Mich.* 215, there were a number of irregularities following each other in quick succession, and of such a character, and at that stage of the suit, that there was no difficulty in perceiving cases in which great injustice

---

* Appellant appeared on the argument of the demurrer, and was served with sum- mons to appear on the reference before the Commissioner.

would be done, if they were not corrected by an appellate court.

The decree must be affirmed with costs.

CHRISTIANCY and CAMPBELL JJ. concurred. MARTIN Ch. J. did not hear the argument.