ELLIOTT W. MUDGE, FOR THE USE OF THE COUNTY OF MADISON,

v.

JOSEPH RINKLE, AND WALTER M. HEZEL, CURATOR OF THE ESTATE OF SAID RINKLE.

*Pleading and Practice—Dismissal as to One Defendant—Withdrawal of General Issue and Filing of Special Plea—Demurrer to Plea—Carried Back to Declaration—Action for Support of Insane Pauper— Parties.*

1. Where, by direction of the board of supervisors, suit was commenced by appellant for the use of the county, against an insane pauper, supported by the county, and his curator, a resident of another State in which the pauper had an estate, to recover for the support of such pauper, and the curator pleaded the general issue, and afterward the suit was dismissed against the pauper, *held*, that the curator was properly allowed to withdraw his plea of the general issue and file a special plea; and that a demurrer to the special plea was properly carried back and sustained to the declaration.

2. Where, upon the face of the declaration it appeared that a party was made plaintiff to whom the defendant was not indebted and to whom the indebtedness named was not payable, and who was not damaged by a failure to pay the same, and such plaintiff brought the suit in his own name by the direction of the supervisors of the county, to which county the indebtedness was alleged to be due, *held*, that the declaration was obnoxious to a general demurrer.

3. Whether or not a plea is to be considered a plea in abatement or a plea in bar, is determined by its opening and its conclusion.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Mr. CYRUS L. COOK, for appellant.

The court erred in carrying the demurrer to the special plea back to the declaration. The court, of course, in doing so regarded the special plea as bad. Then, it being a plea in abatement, the judgment should have been that of *respondeat ouster*. Where the plaintiff demurs to a plea

Mudge v. Rinkle.

in abatement and the court decides against the plea, the court will give judgment of *respondeat ouster* without regard to any defects in the declaration. Stephen's Pleadings, 144; Chitty on Pleadings, 405; Gould's Pleadings, 277. The reason is obvious.

In Mobley v. Ryan, 14 Ill. 51, the court, sustaining this rule says, that " unlike other pleas, a plea in abatement does not profess to answer the declaration or defeat the cause of action. It goes only to the writ. It would be inconsistent with all sound rules of pleading to carry a demurrer to one pleading back to another to which it did not profess to be an answer, and with which it had no connection." Bradshaw v. Morehouse, 1 Gilm. 396; Delahay v. Clement, 3 Scam. 201.

Further, in this case the special plea is in reality an additional plea to the general issue, although leave, it is true, had been given to withdraw the general issue after plaintiff joined therein. It begins, " and for further plea in this behalf," etc. If it is to be regarded as it reads, as a further plea in addition to the general issue, then the demurrer could not be carried back to the declaration, even were it a plea in abatement. Wear v. Jacksonville & Savannah Railroad Company, 24 Ill. 593; Wilson, for use, etc., v. Myrich, 26 Ill. 35.

The defendant's plea in its language recognizes the general issue as being in and on file—not withdrawn. It is applicable to the whole declaration. A plea filed and issue formed· to any precedent portion of the pleadings, is a waiver of all rights to demur to it unless the plea shall be first withdrawn. Wear v. Jacksonville & Savannah R. R. Co., 24 Ill. 594; Norris v. M. Nat. Bk., 30 Ill. App. 54.

Defendant asked leave to withdraw his general issue, which was granted, and the record reads in the final order that same had been withdrawn; but the record is in that respect inconsistent with the plea, which expressly recognizes the fact of its being still in existence, and we were certainly at liberty to so regard it, judged by the strict rules applicable to such unsavory pleas.

Could we regard it otherwise? So there are two fatal objections to the court's ruling. The declaration contains also the common counts. The demurrer can not be made general as to the different counts of the declaration even if it could be carried back to the declaration, which can not be done.

The plea in abatement to the jurisdiction is clearly bad. It is a rule of pleading that a plea to the jurisdiction of the court must aver facts showing the absence of jurisdiction and must be certain in every particular. It will be bad on demurrer if uncertain in any particular, or if the facts averred might be admitted to be true and the court still by reasonable intendment have jurisdiction.

The defendant must by his plea show that the court had no jurisdiction in any event. Diblee et al. v. Davison, 25 Ill. 405; Parsons v. Case, 45 Ill. 296; Nixon, Ellison & Co. v. S. W. Ins. Co., 47 Ill. 444; Feasler v. Schriever, 68 Ill. 323.

In the case last cited the court say: "The court can not hold too strict a hand over these sort of pleadings, which are calculated to defeat the justice of the case. If there be the least inaccuracy they can not be supported." They must also be filed at the earliest opportunity and before taking any other step in the case. Union Nat'l Bk. of Chicago v. Nat'l Bk., 90 Ill. 56; Holloway v. Freeman, 22 Ill. 197; Norris v. M. Nat. Bk., 30 Ill. App. 55.

If the plea is to the jurisdiction of the court it must exclude by its terms every intendment to the contrary. Humphrey v. Phillips, 57 Ill. 125.

The declaration is good in all its counts, although that is not a question (as we have shown) in this case. Under the pleadings we are precluded from considering that. The demurrer can not reach it. A curator is a conservator or guardian of the estate of one under disability. Either term may be used appropriately. Bouvier's Law Dict., Vol. 1, page 415.

As to whether the defendant is liable, is simply a matter of evidence under the laws governing him in his duties as such guardian of his ward's estate.

Messrs. HADLEY & BURTON and JOHN G. IRWIN, for appellee.

The position of appellant that the demurrer should not have been carried back to the declaration, though the plea was a plea in bar, because the general issue has been filed, is not tenable, because the general issue had been withdrawn when the special plea was filed.

In Wear v. Jacksonville & Savannah R. R. Co., 24 Ill. 593, the court says: "When a plea is filed and an issue is formed to any precedent portion of the pleadings, it waives all right to demur to it, unless the plea shall be first withdrawn;" thus recognizing the right of the defendant to withdraw the general issue, and to take advantage of any demurrer that might be filed to a special plea by carrying it back to the declaration.

The other contention, that because the special plea contains the words " and for further plea in this behalf," therefore the general issue must be regarded as still in it, although it had previously been withdrawn, is certainly not serious. Counsel is somewhat noted for his wit and humor, and we are led to believe that he has injected this into his brief to relieve the dryness of a discussion of the principles of common law pleading. Those words are surplusage only, and have no effect whatever in the pleading. Under no circumstances could they be held to have the effect of reviving a plea that had been withdrawn.

"That a demurrer to a plea should be carried back and sustained to a defective declaration there can be no doubt. A party should not demur unless he be certain that his own previous pleading is substantially correct, for it is an established rule that upon the argument of a demurrer the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance, as, if the plea which is demurred to be bad, the defendant may avail himself of a substantial defect in the declaration." 1 Chitty, Sec. 668.

Has the plaintiff stated a good cause of action in his declaration? As before remarked, this is now a suit against

Hezel alone, as curator of Rinkle. The insane person having been dismissed is no longer a party to the suit. The declaration, in all its counts, is against Hezel *as curator*, not in his individual capacity.

If any one count of the declaration is bad all are bad, because they are all framed upon the idea that the defendant, Hezel, in his representative capacity, owes the plaintiff. The question raised by the demurrer then, is this: May a suit be maintained against the curator or conservator of an insane person alone without joining the *non compos?*

"An insane person may be sued, and jurisdiction over him acquired by the like process as if he were of sound mind. But when it is made to appear to the court that a party to the suit is insane, it is the duty of the court to appoint a guardian *ad litem* for him, or to have the committee or conservator made a party. But the failure to do so does not affect the jurisdiction of the court, but only the regularity of the proceeding. On this principle it is held by all courts that a judgment against a person who was *non compos mentis* at the time of its rendition, though without joining his legal guardian, is binding and conclusive upon him, is not to be impeached in any collateral action, and stands as a valid judgment until annulled or reversed in some direct proceeding for that purpose. There are some cases which hold that such a judgment is not even voidable, and that no relief can be had against it except by an application to chancery for an injunction against its enforcement. And a court of equity would, in such a case, inquire into the merits of the judgment, and would not enjoin it on account of the defendant's lunacy, but only because its execution should appear to be against conscience, and inequitable." Black on Judgments, Vol. 1, § 205; Maloney v. Dewey, 127 Ills. 395; Freeman on Judgments, Sec. 152.

From the point of view above presented, it is obvious that a judgment against Rinkle would bind him, and would be entitled to full faith and credit in the courts of Missouri. A further very plain implication is that where the conservator is a party, his relation is that of a guardian *ad litem*,

Mudge v. Rinkle.

or of a guardian in a suit against a minor. The provision in the act of 1845 for execution against the estate of the *non compos* in his hands having been repealed, and no provision being made for suing him as conservator, the common law controls, and the judgment would be the ordinary judgment *be bonis propriis.*

There is nothing in the statute making the conservator liable to a common law action. By Sec. 11 he is authorized to sue, but is not liable to be sued. Sec. 13 requires him to appear for and represent his ward in all suits and proceedings, unless another person is appointed for that purpose, as conservator or next friend; but this is not saying that judgment may be rendered against him, any more than a judgment may be rendered against a guardian *ad litem* who appears for and represents a minor or *non compos* by appointment of court. His relation is the same as that of a guardian or next friend when required to appear. One acts precisely in the same capacity as the other, by the very terms of the act. In a court of chancery he is a necessary party, but in equity a decree operates very differently from a judgment at law. It is enforced by altogether different methods.

The case of Morgan v. Hoyt, 69 Ill. 489, where the court held that the proper remedy of a creditor of one who is adjudged insane is by suit against the conservator, as his representative, was decided under a statute in force at that time authorizing such a suit. That statute has been repealed, and no such provision is now found in the act in regard to conservators of insane persons. The effects of that decision was that a special statute was necessary to authorize a suit against the conservator, and there being no such statute now in force, the conclusion must follow that this suit can not be maintained.

Mr. Justice Green. Suit was brought to the March term of the Circuit Court by appellant against Joseph Rinkle, an insane person, and Walter M. Hezel, his curator, a resident of the State of Missouri, and appointed by the Pro-

bate Court of the city of St. Louis. A guardian *ad litem*
was appointed for Rinkle, who filed an answer March 28th,
and on the same day the defendant Hezel filed a plea of the
general issue. On March 30th the plaintiff dismissed the
suit as to the defendant Rinkle, and thereupon the defend-
ant Hezel, by leave of the court, withdrew the general
issue and filed a special plea in bar. To this special plea
the plaintiff filed a demurrer. After argument this demur-
rer was carried back and sustained to the plaintiff's declara-
tion. The plaintiff elected to stand by his declaration, and
thereupon judgment was rendered against him for costs.
The material question is, did the court err in carrying the
demurrer back and sustaining it to plaintiff's declaration?
That was the final action that resulted in the judgment
complained of, and the successive steps preceding it were
the dismissal of the suit as to the insane defendant; with-
drawing the plea of the general issue by leave of the
court; filing of a special plea by defendant Hezel, and
filing of general demurrer by plaintiff to said special plea.
This special plea was as follows: And for further plea in
this behalf, leave, etc., according, etc., the defendant Wal-
ter M. Hezel says that the plaintiff ought not to have or
maintain the said action against him, because, he says, that
the said Walter M. Hezel, at the time of the commencement
of said action was, and ever since then has been, and still is, a
resident of the city of St. Louis and State of Missouri, and
was not at the time of the commencement of this action,
nor has he at any time since then been a resident of the
State of Illinois; that at the time of the commencement of
said action his co-defendant Joseph Rinkle, was and ever
since then has been and still is, a resident of the county of
Madison and State of Illinois; that the said Joseph Rinkle
is an insane pauper and an inmate of the county hospital
for the insane of said county, and has no property or estate
in the State of Illinois, and that no conservator, either of
the person or estate of said Joseph Rinkle, has ever been
appointed in the State of Illinois; that the said Joseph Rin-
kle has an estate in the State of Missouri which accrued to

him by will of his deceased father, who died in the German Empire, in March, A. D. 1890, and who was a resident of said Empire at the time of his decease, but owned property, real and personal, in said State of Missouri, at the time of his death, and that this defendant is the curator of the estate of the said Joseph Rinkle, in the State of Missouri, by virtue of letters of curatorship issued to him December 12, A. D. 1890, by the Probate Court of the city of St. Louis, State of Missouri, and is not curator or conservator of the person of the said Joseph Rinkle, and this he is ready to verify, wherefore he prays judgment, etc.

By W. F. L. HADLEY,

His attorney.

The errors assigned are in permitting " defendant to withdraw the plea of general issue and file special plea after issue was joined." " In not sustaining the demurrer to special plea." " In carrying demurrer to special plea back to the declaration and sustaining the same as to declaration." The first error is not well assigned. After plaintiff had dismissed as to the insane person and left appellee as sole defendant, no reason is perceived why he might not be permitted to withdraw the plea of general issue and limit his defense by special plea. It is not suggested that plaintiff was harmed or prejudiced or surprised by this ruling of the court, and we have been furnished with no authority by counsel for appellant to sustain this first assignment of error.

In Sidway v. Marshall, 83 Ill. 438, in the opinion it is said: " When any amendment is allowed that is at all calculated to take either party by surprise or that would affect the right or justice of the matter of the suit, or alter in any material respect the issues between the parties, the court may impose terms that it shall be permitted only upon notice to the party to be affected by it." We infer from the language of this opinion that it would be proper for the trial court, in a case like this, to permit the defendant to withdraw the defense set up by the plea of general issue, which casts the burden of proof upon the plaintiff, and file a special plea, the burden of proving which the defendant assumes, and this

without notice, unless the objection was made on that ground
or the court could see that justice required such notice
should be given. The plea of general issue having been
withdrawn by leave properly given for that purpose, noth-
ing remained to prevent carrying the demurrer to the spe-
cial plea back to the declaration, and even if the plea was
defective, yet if the declaration was also substantially de-
fective, the court properly carried the demurrer over the
plea back, and sustained it to the declaration, and gave
judgment against the plaintiff, whose pleading was first
defective in substance in accordance with the well estab-
lished rule. And the second error is not well assigned.

Counsel for appellant insists, however, that the special plea
was a plea in abatement; that the court, in carrying the
demurrer back to the declaration, " of course regarded the
plea as bad," and it being a plea in abatement the judgment
should have been *respondeat ouster*. Counsel is mistaken in
his premises and incorrect in his conclusion. The plea is in
bar and not in abatement, and this is evidenced by its begin-
ning and conclusion. It begins as a plea in bar and con-
cludes as a plea in bar, and its character is determined by
these tests, and not by its subject-matter, which is pleadable
in abatement. Pitts' Son's Mfg. Co. v. Com. Nat. Bk., 121
Ill. 582. Is the declaration so defective in substance as
to be obnoxious to a general demurrer? This is the only
question remaining to be decided. It is averred therein that
Elliott W. Mudge, *the plaintiff*, sues for the use of the county
of Madison, *by the direction and authority of the board of
supervisors of said county*, and charges in the special count
that appellee is now and was on December 12, 1890, and
from that time hitherto has been the curator of the estate of
Joseph Rinkle, an insane person, and as such had, and has in
his possession and control all the estate of his ward, amount-
ing to $10,000. That as such curator he undertook and
promised and became bound by the law, to provide for said
Rinkle all the necessaries of life, and to board, clothe and
care for him out of said estate, and being so bound he after-
ward, on December 10, 1891, *became and was indebted to the*

Mudge v. Rinkle.

*county of Madison* in the sum of $2,000 for the necessaries of life and board, clothes and care bestowed upon said Rinkle *by the county of Madison* at the request of said Hezel, as such curator, and being so indebted, said defendant promised said county and the plaintiff, who was the duly authorized agent to act for the county, *to pay to the said county* said sum of $2,000 when requested by the plaintiff or said county, or by any of its duly authorized agents.   It is then averred that Hezel, though often requested by the county and by the plaintiff, as its authorized agent, had not paid said sum of money, or any part thereof, but refuses so to do *to the damage* of the *county of Madison* in the sum of $2,000.   Wherefore plaintiff brings suit for the use of the county of Madison as he is by it authorized and directed to do.

In the common counts and in each of them, it is averred the indebtedness named therein is due from Hezel, as curator, *to said county,* and the promise averred is *to pay the county.* We have italicized portions of the declaration to indicate clearly the averments we deem conclusive touching its meaning and true construction.   The averments disclose this state of the case: that a plaintiff to whom the defendant is not indebted, and to whom the indebtedness named is not payable, and who is not damaged by a failure to pay the same, brings this suit to recover said indebtedness in his own name by the direction and authority of the board of supervisors of Madison County and not by reason of his having any legal right to recover the same.   On the face of this declaration it affirmatively appears, even if an action would lie against appellee to recover the debt named therein, the legal right of action is in Madison County, and not in appellant.   It is averred said county furnished the consideration for the indebtedness which was incurred and due to it; that the promise by defendant was to pay the same to the county, and by the breach of this contract the county was damaged, and it requires no citation of authorities to show it is an imperative rule that the party having a legal right of action is alone entitled to maintain a suit at law. We are not advised that any power has been granted a

board of supervisors in this State to abrogate or change this rule by any order or direction it may give. If, then, it be admitted that all the averments in the declaration before mentioned are true, appellant had no right to recover, and the court below did not err in sustaining the demurrer and entering judgment against him for costs. We do not feel called upon to pass upon a question discussed in the printed argument of appellee, viz., may a suit be maintained against the curator, or conservator, without joining the *non compos*, and do not agree with counsel in the statement that this is the question raised by the demurrer. We hold that neither of the errors assigned are well assigned, and the rulings and judgment of the Circuit Court were right. The judgment is affirmed.

*Judgment affirmed.*