## E. W. Davis v. Thomas Hankins.

1.  PARTIES—*Suits on Notes Must be in the Names of the Owners.*— A party can not bring suit upon a promissory note which he does not at the time own, and by afterward purchasing it make it the basis of a recovery.

2.  JUDGMENTS—*Must Determine the Rights of the Parties.*—The judgment must determine the rights of the parties as they existed at the time of commencing the suit.

Assumpsit, on a promissory note. Trial in the Circuit Court of Moultrie County, on appeal from a justice of the peace; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

E. J. MILLER, attorney for appellant.

JOHN V. BURNS and FRANK SPITLER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a suit brought upon a promissory note for $136.15, executed and delivered by appellant to appellee on the 23d of April, 1896.

On the 11th day of June, 1896, appellee traded the note to one G. A. Fulfer and indorsed his name on the back of it. When the note became due and Fulfer presented it for payment, appellant refused to pay it, claiming that appellee owed him. Fulfer then left the note with appellee with instructions to sue on it. Appellee did so, bringing the suit before a justice of the peace, where it was entitled " Thomas Hankins, for the use of G. A. Fulfer, v. E. W. Davis," and judgment was recovered by default. An appeal was prosecuted to the Circuit Court where a jury was waived and a trial had by the court. Upon the trial, the title of the cause was amended by striking out the words, " for the use of G. A. Fulfer," and the indorsement of appellee's name on the note was erased. The court rendered judgment in favor of appellee for $155.21, the amount of principal and interest on the note.

The judgment must be reversed for the reason that appellee did not own the note at the time of commencing the suit. Appellee testified that he traded it to Fulfer and did not own it at the time suit was brought but brought it back from Fulfer after judgment was obtained upon it before the justice of the peace.    A party can not bring suit upon a promissory note he does not at the time own, and by afterward purchasing it make it the basis of a recovery.    The judgment must determine the rights of the parties as they existed at the time of commencing suit.    Harlow v. Boswell, 15 Ill. 57; Daniels v. Osborn, 71 Ill. 169; Kaley v. Musgrave et al., 26 Ill. App. 509; Mudge v. Rinkle, 45 Ill. App. 604.

It is contended that, because the note was indorsed by appellee in blank merely, its redelivery to him by Fulfer under the circumstances, reinvested him with the title to it, and that he was in fact and in law its owner at the time suit was commenced.

We do not think such contention can prevail in view of the testimony of the appellee.    Although he recognized his liability as indorser and promised to stand good to Fulfer for the amount of the note when appellant refused payment, his testimony convinces us that when he received it he did so for collection and not as owner.

He testified that he was not the owner of the note when suit was brought upon it, and did not become its owner until after judgment was entered before the justice of the peace.

The style in which he brought suit, also shows that he did not at the time consider himself the owner of the note. Reversed and remanded.

Mr. Justice Wright took no part.