## ENGELBERT *v.* FOLEY.

CHURCH PROPERTY—TITLE IN BISHOP—CONTRACT OF OCCUPANT—
LIABILITY.

Where the bishop of a diocese gave the trustees of a parish, and
the priest thereof, permission to erect buildings on land the
title to which was in the bishop, and, at the request of the
priest, plans for buildings were prepared by an architect, the
bishop, having no dealings with the architect, was not liable
for his services.

Error to Wayne; Carpenter, J. Submitted November
14, 1900. Decided December 19, 1900.

*Assumpsit* by Henry Engelbert against John S. Foley
and others for services rendered. From a judgment for
defendant Foley on verdict directed by the court, plaintiff
brings error. Affirmed.

*M. B. Breitenbach* (*William B. Jackson,* of counsel),
for appellant.

*Keena & Lightner,* for appellee Foley.

LONG, J. The defendant Foley, bishop of the diocese
of Detroit, was the owner of land in question in this case in
the spring of 1891, and is yet the owner. The plaintiff is
an architect, and brings suit against defendants to recover
for services in making plans and specifications for a paro-
chial residence for the parish of St. Francis upon the
premises owned by Bishop Foley, and for making a
second set of plans and specifications for the same purpose.
The other defendants are members of the church commit-
tee. The claim in plaintiff's bill of particulars is for the
value of such work, $303.33.

It appears from the testimony that a priest by the name
of Gutowski was in charge of the parish and of this land

in 1891. The first set of plans and specifications made by the plaintiff was accepted by Father Gutowski, who had permission from Bishop Foley to erect a school-house and residence on the land. Gutowski had the school-house erected, but, for lack of funds, the residence was not actually begun that year, further than having the plans made. In 1893 Gutowski was removed by Bishop Foley, and Father Byzewski was put in charge of the parish. He called on the plaintiff, and went over the first set of plans made by him, and, after discussing matters with the plaintiff, employed him to make a second set of plans, which were accepted by Byzewski. The parochial residence was begun and completed under the charge of Father Byzewski, and was erected upon the lands owned by Bishop Foley. Neither of the reverend fathers consulted with any one in reference to the erection of this building. The claim of plaintiff's counsel is that, while Bishop Foley did not directly contract with the plaintiff for the plans and specifications for the erection of the building upon the lands owned by Bishop Foley, yet, the reverend fathers having his permission to erect such building, he is liable on the contracts made.

The case was tried before Judge Carpenter and a jury in the Wayne circuit court, and a verdict directed in favor of defendant Bishop Foley, and against the other defendants for $393. A motion for a new trial was made in the case, in which motion the learned circuit judge filed the following opinion:

"This is a motion for leave to move for a new trial. I should not only grant this permission, but should at once grant a new trial, if I was convinced that I erred. Plaintiff relies upon *Foley* v. *Kleibusch*, 123 Mich. 416 (82 N. W. 223). What that case decides is this: That defendant Foley has such ownership of the real estate upon which the building in question was erected that he could have prevented or controlled its erection. In other words, he has in this respect the rights of an absolute owner. It was assumed on the trial that he was such an owner, and that he had such rights would necessarily follow. I did not then think, and I do not now think, that

there is anything in *Foley* v. *Kleibusch* to convince me that merely because one is the owner of land upon which a building is erected, which could not be erected without his consent, he is personally liable upon contracts, the erection of which he authorizes. His personal liability on such a contract must depend on circumstances. He can so give authority as to become personally liable. It is equally clear that he may so give authority as not to be personally liable. In my judgment, as indicated on the trial, the evidence made it my duty, as a matter of law, to say that the authority was so given in this case as not to make defendant Foley, the owner of the property, personally liable. Leave to move for a new trial is denied."

This judgment must be affirmed. The only evidence in the record from which plaintiff claims the liability of defendant Foley is that he held the legal title to the property upon which it was contemplated that the parochial residence should be constructed; that he, being the bishop of the diocese, appointed the priests who had the spiritual charge of the parish which used this property; and that Bishop Foley gave permission to the trustees of the parish (co-defendants in this case) to erect the residence upon the property. The evidence shows clearly that defendant Foley had no relations with the plaintiff, and never gave his consent to any such employment. It also shows that the matter of erecting buildings for parish purposes rested with the priest and the committee of the parish. The plaintiff prepared plans upon a verbal agreement in each case with the priest in charge of the parish, and neither of the plans included in plaintiff's claim was ever used. The opinion of this court in *Foley* v. *Kleibusch*, 123 Mich. 416 (82 N. W. 223), does not aid the plaintiff in this case. The holding in that case was that the bishop holds the legal title to church property. Whether he has the unrestrained disposition of the same was not decided by this court. It is admitted in this case that Bishop Foley is the owner of the property; and the only question is whether the owner of real estate is liable for contracts made by an occupant of the property, when the owner

has simply given permission to the occupant to erect buildings on the land. We think there is no liability on the part of the owner under such circumstances.

The judgment must be affirmed.

The other Justices concurred.