BENNETT *v.* CLARK.

1. MORTGAGES—DEEDS—FORECLOSURE — PARTIES—AGENT—EQUITY—
   TRUSTS.

   A foreclosure bill may be maintained in the name of the
   grantee of real property, conveyed by warranty deed as
   security for advances to be made or credit extended by
   his principal or employer after the date of its execution;
   such grantee being agent for a nonresident partnership
   doing brokerage business in Michigan and other States.

2. SAME—MULTIFARIOUS BILL—DEFICIENCY.

   Nor was the bill multifarious because it asked for a de-
   ficiency judgment and for foreclosure of a deed given as
   security.

Appeal from Wayne; Mandell, J. Submitted June
2, 1914. (Docket No. 5.) Decided July 24, 1914.

Bill by Edward S. Bennett against Arthur J. Clark
and Nella S. Clark to foreclose a deed given as a
mortgage. From an order overruling a demurrer to
the bill, defendants appeal. Affirmed.

*Stevenson, Carpenter, Butzel & Backus,* for com-
plainant.

*George E. Eckert* (*Thomas Mulvihill* and *George
M. Lehman,* of counsel), for defendants.

MOORE, J. This is an appeal from an order over-
ruling a demurrer to an amended bill of complaint.
The bill is filed to foreclose a deed in form, though it
is in fact a mortgage. We quote from the brief of
counsel for appellants:

"There are several grounds of demurrer;   *   *   *
the ones upon which we will dwell most extensively
being:
"(1) The complainant has no interest in the sub-

ject-matter of this suit, nor any title or interest in the thing therein demanded, viz., the $2,842.82 alleged to be due to Hayden, Stone & Co., or rather to the individual members composing that firm.

"(2) The bill is multifarious."

1. As to the first ground of demurrer, it is necessary to consider the averments of the bill. The bill states in substance that complainant is the local representative and manager of Hayden, Stone & Co., stating the names of the persons constituting the partnership, all of whom reside out of the State of Michigan. It avers that defendants Clark & Clark, residents of Detroit, desired credit of said firm which was doing business in Detroit, and, to secure the payment of the credit so desired, executed a deed of certain real estate they owned in Detroit to the complainant, and delivered the same to him, which deed was duly recorded; that the deed, though absolute upon its face, was in fact a mortgage; that the debt secured by said deed, though past due, has not been paid; that no suit or proceeding at law has been taken for the recovery of the debt. The bill avers that complainant is duly authorized by the persons constituting the firm of Hayden, Stone & Co. to bring this suit for them and in their behalf, and that complainant does so bring this suit. Complainant makes Charles Hayden, Galen L. Stone, N. Bruce Mackelvie, Jare Arthur Downs, Felix R. Rosen, and Fred H. Baird defendants. The bill of complaint and the amendments to the bill of complaint were signed by Edward S. Bennett.

We think it clear the bill states such a state of affairs as to constitute complainant trustee for Charles Hayden, Galen L. Stone, N. Bruce Mackelvie, Jare Arthur Downs, Felix R. Rosen, and Fred H. Baird, and, as they are made parties in the amended bill of complaint, that complainant, as trustee, may file the bill. *Shelden* v. *Bennett*, 44 Mich. 634 (7 N. W. 223); *Michigan State Bank* v. *Trowbridge*, 92 Mich. 217 (52

N. W. 632) ; *Foley* v. *Kleibusch,* 123 Mich. 416 (82 N. W. 223).

In 9 Enc. Pl. and Prac., p. 285, it is said:

"But it sometimes happens that ordinary mortgages are held in trust, and the question then arises as to the proper party to bring the foreclosure suit. Generally in suits by the trustee, the *cestui que trust* or beneficiary should be made a party. Where, as is sometimes the case, the suit is brought by the *cestui que trust,* the trustee should be made a party; and where the trustee is not originally made a plaintiff, he may be brought in by amendment. A bill by a part only of the beneficiaries is sufficient when filed on behalf of the plaintiffs and all others who choose to come in as parties."

We have not overlooked the case of *Mudge* v. *Rinkle,* 45 Ill. App. 604, cited by counsel, but that case is an action at law, and is clearly distinguishable from the case in equity which we have before us.

2. Should the bill be dismissed upon the ground it is multifarious? Counsel say:

"On the face of the bill the money, if due and owing at all, is due and owing to Charles Hayden *et al.* The complainant, Edward S. Bennett, has no interest therein. He is not a member of Hayden, Stone & Co. No money is due to him. How, under any conceivable theory, can the defendants .be decreed to pay any deficit to him? Still that is the very thing that is prayed for in this bill. The amended bill is multifarious because there is a misjoinder of parties and a misjoinder of distinct and separate matters of equitable cognizance between the same parties of so dissimilar a character as to render it unfit that they should be litigated in the same suit."

We do not so understand the averments of the bill. We do not understand it can be inferred from the averments of the bill that two causes of action are stated, each of which would justify a suit in equity.

The following rule has been stated:

"Mere surplusage will not render a bill multi-

farious, and therefore a bill is not rendered multifarious if in addition to stating a case for equitable relief it contains allegations with reference to another matter, but insufficient to entitle plaintiff to relief with reference thereto. The addition of a prayer for relief not warranted by the allegations of the bill does not therefore render the bill multifarious. To have that effect the bill must state two or more grounds of suit, and each ground must be sufficient as stated to support an independent bill in equity. Therefore a bill is not multifarious for adding to an equitable cause of action matter in which there is no equity, or matters over which a court of equity has no independent jurisdiction. For this reason the insertion in a bill of an exclusively legal demand will not make it multifarious." 16 Cyc. p. 241.

In *Storrs* v. *Wallace*, 54 Mich. 112 (19 N. W. 770), it was said, if a plaintiff states a case for equitable relief, even though multifarious, a demurrer will be overruled, as costs are within the control of the court.

The decree of the court below is affirmed, with costs, and defendant is given the usual time in which to answer.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.