## RANIAK *v.* POKORNEY.

1. EQUITY—PLEADING—MULTIFARIOUSNESS—FRAUD.

A bill is not multifarious and sets up a case of fraud where it is alleged that plaintiffs, owners of land, delivered an abstract to one of the defendants, an attorney, for examination; that he advised them that the title was defective and that they should file a bill to quiet title; that he filed suit against a person having no title and set out a former chancery proceeding by another person against the defendant in the suit to quiet title and set up that such defendant had ceased to have title because she made no tender; that, as a result of a conspiracy between the attorneys for both parties, a decree was rendered in favor of the defendant in the suit to quiet title; that plaintiffs' attorney satisfied the decree without authority and fixed title in defendant; that such attorney secured a deed to the premises in the name of his mother-in-law, another defendant, and acted as agent for her in the sale of lots to other defendants; that such attorney in furtherance of the conspiracy refused to allow an appeal from the decree and advised plaintiffs that they had an adequate remedy on their warranty deed; that in pursuance of such conspiracy a suit was brought against the grantor and discontinued after considerable expense to plainitffs, and prayed that title be declared to be in them; that the decree in the suit to quiet title and the subsequent deeds be set aside; that plaintiffs' former attorney be compelled to deliver an abstract of title, repay money paid for services, and that the attorneys for defendant in the suit to quiet title be required to pay the expenses of plaintiffs in the latter suit, in the proceedings against the grantor and in the instant suit, including an attorney's fees. OSTRANDER, J., dissenting.

2. SAME—PLEADING—BILL OF REVIEW.

A bill of complaint is not a bill for review where it does not assume the validity of the pleadings in the case sought to be reviewed.

3. SAME—FRAUD—SETTING ASIDE DECREE.

A court of equity may relieve against fraud, even to the

extent of setting aside its own decrees, when founded thereon.

4. SAME—PLEADING—INCONSISTENT CLAIMS.

The stating part of a bill of complaint determines its character, and it is immaterial that the prayer for relief is inconsistent.

Appeal from Wayne; Gilday, J., presiding. Submitted June 8, 1917. (Docket No. 27.) Decided December 27, 1917.

Bill by George Raniak and another against Edward Pokorney and others to quiet title to land, to set aside certain deeds as fraudulent and for an accounting. From a decree dismissing the bill, plaintiffs appeal. Reversed.

*Charles C. Stewart,* for plaintiffs.

*Edward Pokorney* and *Moloney & Mendelsohn,* for defendants.

Plaintiffs in their bill of complaint set out that they are the owners, in fee simple, of two lots in the city of Detroit valued at $2,500. The first 12 paragraphs of the bill contain a detailed history of the title to said lots upon which they rely. The bill then proceeds by proper averment to charge that plaintiffs, desiring to have their abstract of title examined, sought the professional services of defendant Edward Pokorney; that said Edward Pokorney falsely and fraudulently advised them that their title was defective; and that it was necessary that a bill to quiet the same should be filed. This he agreed to do for a compensation of $50. It is further averred that said Pokorney filed said bill against one Susanna Mynell, a person who neither then, nor at any time prior thereto, had had any title to the premises in question, and further that in said bill against Susanna Mynell, a

former chancery proceeding between Susanna Mynell and one William Fischer, Jr., was set out, and the decree rendered in said Mynell-Fischer case was pleaded and the assertion made therein that said Susanna Mynell had ceased to have any claim upon said lots because she had made no tender, "as provided in the decree." In said bill it is further averred that defendants John E. Moloney and Morrey N. Mendelsohn appeared as solicitors for the said Susanna Mynell, filing an answer to said bill of complaint, and that they, conspiring with said Pokorney, set up a false and fictitious claim on behalf of said Susanna Mynell to said lots, based upon the decree in the Mynell-Fischer case which at that time was some 15 years old.

The bill further charges that defendants Pokorney, Moloney, and Mendelsohn, further conspiring, proceeded to a trial of said cause, and through false and misleading statements made to the trial judge secured the entry of a decree by the terms of which the title to said lots was fixed in the defendant Susanna Mynell upon the payment by her of the sum of $48. It is further charged that though defendant Pokorney was acting as solicitor for plaintiffs herein, he himself paid into court said sum for and on behalf of defendant Susanna Mynell, thus satisfying the decree of the court and fixing the title to said lots in said defendant. The bill then charges that said Pokorney secured a deed from said Susanna Mynell to defendant Josephine Medlin, the mother-in-law of said Pokorney, and that said Pokorney has since acted in the sale of said lots, one to defendants Mloodyanowski, and the other to defendants Krukowski. It is further charged that defendant Pokorney in the furtherance of said conspiracy refused to allow an appeal from said decree, and advised plaintiffs that they had an adequate remedy at law against one James J. Atkin-

son from whom they had received a warranty deed of the premises, and that in furtherance of said fraudulent purpose he brought an action in their behalf against said Atkinson, which later was discontinued, plaintiffs having expended over $125 in the prosecution of same. Plaintiffs pray:

1. That the title to said lots be declared to be in them in fee simple.

2. That the decree of September 4, 1915, in the case of *Raniak* v. *Mynell*, be set aside as having been procured by fraud.

3. That the record of such prior decree be declared void.

4. That Susanna Mynell, being a party to the fraudulent proceedings, took nothing by the decree, and conveyed nothing to Josephine Medlin.

5 and 6. That the deeds from Josephine Medlin covering said lots conveyed nothing, and passed no title to the grantees named therein.

7. That the defendants be required to answer.

8. That the defendants be required to deliver to plaintiffs the abstract of title covering said lots.

9. That defendant Pokorney be required to repay to plaintiffs $130 fraudulently taken from them for services.

10. That said defendants Pokorney, Moloney, and Mendelsohn be decreed to pay the expenses of plaintiffs: (a) In the fraudulent proceedings brought by the said *Pokorney* v. *Mynell;* (b) in the proceedings against James J. Atkinson; (c) in this proceeding including an attorney fee for $350 for services of an attorney.

To this bill of complaint, defendant interposed a motion to dismiss in the nature of a demurrer as follows:

"1. The said amended bill of complaint is multifarious. (a) The amended bill of complaint, if filed as a bill of review, states two grounds for relief, namely, errors apparent upon the record, and fraud. (b) The amended bill of complaint, if filed as a bill of review, asks for inconsistent relief as against the several de-

fendants, viz., relief in the prayer as to the property described in the amended bill of complaint; personal damages as against the defendants Edward Pokorney, John E. Moloney, and Morrey N. Mendelsohn, for expenses of a suit already tried; and personal relief as against the defendants Edward Pokorney, John E. Moloney, and Morrey N. Mendelsohn, for expenses to be incurred in this suit, the prayers for relief being inconsistent.

"2. The amended bill of complaint, if filed as an original bill, in the nature of a bill of review, is multifarious for the following reasons: (a) The amended bill of complaint seeks to set aside two decrees of the circuit court for the county of Wayne in chancery, in two separate and distinct suits, upon two separate, distinct, and inconsistent grounds, namely, for fraud, and errors apparent upon the face of the records. (b) The relief prayed for in the said amended bill of complaint is multifarious for the same reasons as given above in paragraph 1 (b).

"3. The said amended bill of complaint should be dismissed for the reason that it cannot be sustained, either as a bill of review, because leave of the court was not obtained before filing the same, or as an original bill, in the nature of a bill of review, on the ground of laches.

"4. The said amended bill of complaint, as appears from the reading thereof, contains a large amount of scandalous, impertinent, and libelous statements which, from the reading thereof, are apparently not based upon actual knowledge, but are drawn entirely from imagination.

"5. The said amended bill of complaint is not drawn in accordance with the rules and practice of the court, but is drafted in such a manner that an intelligent answer thereto cannot be made, nor issue joined, as intended, by pleadings in chancery."

Upon argument of said motion the court below entered a decree dismissing plaintiffs' bill of complaint, without prejudice.

BROOKE, J. (*after stating the facts*). We are of opinion that the bill is not multifarious under the fol-

lowing decisions: *Torrent* v. *Hamilton*, 95 Mich. 159 (54 N. W. 634) ; *Richardson* v. *Richardson*, 100 Mich. 364 (59 N. W. 178) ; *Robinson* v. *Motor Car Co.*, 170 Mich. 163 (135 N. W. 897) ; *Bennett* v. *Clark*, 181 Mich. 690 (148 N. W. 372) ; *Antoszewski* v. *Plumbing Co.*, 185 Mich. 215 (151 N. W. 635). It sets out a case of flagrant fraud, and seeks relief from said fraud which has become crystallized in the decree of the court. It is not a bill of review, and cannot well be, since a bill of review would assume the validity of the pleadings in the case sought to be reviewed, which this bill distinctly denies.

There can be no doubt of the authority of a court of equity to relieve against fraud, even to the extent of setting aside its own decrees when founded thereon. 3 Cooley's note to Blackstone's Commentaries (2d Revised Ed.), p. 426; *Jennison* v. *Haire*, 29 Mich. 219; *Barr* v. *Motor Co.*, 172 Mich. 299 (137 N. W. 697) ; 2 Kent's Commentaries (13th Ed.), p. 483; *United States* v. *Throckmorton*, 98 U. S. 61; *Johnson* v. *Waters*, 111 U. S. 640 (4 Sup. Ct. 619). The fact that the prayer for relief may be inconsistent is not of consequence. The stating part of the bill itself is what determines its character. Whether plaintiffs are entitled to the whole or any part of the relief prayed for will be determined by the trial court upon a hearing.

The decree dismissing the bill is reversed, with costs, and defendants are allowed 15 days in which to answer.

Kuhn, C. J., and Stone, Bird, Moore, Steere, and Fellows, JJ., concurred with Brooke, J.

Ostrander, J. In my opinion the bill is multifarious.