MARR, Appellant, *vs.* McINTOSH & McINTOSH, Respondents.

1. Where, in an action brought by A. against B. and C. for the possession of land—A. claiming as purchaser under an execution sale against B.—C., one of the defendants, sets up a title under a deed from B. prior to the sheriff's deed to A., and it is found by the court that the said deed from B. to C. is fraudulent and void as against A., thus negativing the only defence set up by C.: *held,* that A. is entitled to judgment against C. as well as against B., and that, too, although he may have offered no evidence of title in B. under whom both A. and C. claimed.

## *Appeal from Perry Circuit Court.*

This was an action in the nature of an ejectment, to recover possession of certain tracts of land. The facts, as found by the court, are as follows: The defendant, Benj. W. McIntosh, by a deed dated September 21st, 1847, conveyed to Seth B. McIntosh certain tracts of land. At the time of this conveyance the said B. W. McIntosh was largely indebted to various persons, and among others, to the plaintiff; and the said conveyance was made with intent to delay and defraud the creditors of the said B. W. McIntosh. Afterwards, at an execution sale under judgments against the said B. W. McIntosh, in favor of said creditors, the plaintiff, Marr, purchased the

land so conveyed to Seth B. McIntosh : and this suit was brought against the said B. W. and the said S. B. McIntosh, who were both in possession of the said land, to recover possession of the same. In this suit, the only title set up in his answer, by the said S. B. McIntosh, was under the said deed of September 21st, 1847. The court below gave judgment for the plaintiff against the said B. W. McIntosh, and, although declaring the deed from Benjamin W. McIntosh to the said S. B. McIntosh fraudulent and void as against the plaintiff, gave judgment for the defendant, S. B. McIntosh. The court declared the law to be that the purchase by the said Marr, the plaintiff, and the sheriff's deed to him, though sufficient as against B. W. McIntosh, did not show any sufficient title in the said plaintiff whereon to predicate a right of recovery against his co-defendant, S. B. McIntosh, nor is the deed from B. W. McIntosh to said S. B. McIntosh any evidence of title in B. W. McIntosh before its date, upon which the plaintiff, as his vendee, can claim a right of recovery against S. B. McIntosh, and, in the absence of any other evidence of title in plaintiff, the defendant, S. B. McIntosh, is entitled to a verdict and judgment.

*Frissell*, for appellant. 1. When both plaintiff and defendant trace their title to a common source, the title of that common grantor is at least *prima facie* good for the purposes of that particular action, and neither can be required to show that the common grantor had title. 2. The finding of the court negatived the defence set up by the said S. B. McIntosh, and judgment should have been against him as well as against his co-defendant. (2 Greenl. Ev. 307.)

*Noell*, for respondent. 1. The court having declared the deed from B. W. McIntosh to S. B. McIntosh to be null and void, it could not operate as an estoppel against S. B. McIntosh. This deed was the only evidence of title in B. W. McIntosh at the time of the plaintiff's purchase at sheriff's sale. (3 Bouvier's Inst. 266. Comyn's Digest, tit. Estoppel, E. & F.)

Delassus v. Poston.

SCOTT, Judge, delivered the opinion of the court.

As the defendant, Seth McIntosh, set up title in his answer to the premises in dispute through a deed from Benj. W. McIntosh, and as the court found the deed from Benj. W. McIntosh to Seth fraudulent and void, it was maintained by the defendant, Seth B. McIntosh, that he was not estopped by the deed declared to be void, and that he was at liberty to set up any other title he might have. Admitting the correctness of the conclusion for the sake of the argument, yet, as he in his answer set up no other title than the deed which was pronounced void, and showed no other title on the trial, how was he defended from the claim of the plaintiff?

Benj. and Seth McIntosh were in possession of the land in dispute. The plaintiff showed a sheriff's deed conveying to him Benj. W. McIntosh's interest in the land, and produced evidence showing that the deed under which Seth claimed was void. Now, if Seth showed no other title, what is there to prevent a judgment against him as well as against Benj. W. McIntosh? Admitting he was not estopped from setting up another title, yet, as he produced none, and as that on which he relied was overthrown, surely he must share the fate of his co-defendant. The doctrine of estoppel has nothing to do with the case. The judgment will be reversed, and a judgment will be rendered against both defendants in this court, on the finding in the court below. The other judges concur.