JAMES B. HAYNES v. JOSEPH E. BENNETT.

*Ejectment—Revocation of minor's deed by deeding again.*

A woman who had given a deed of land when she was a minor deeded it again to another person after she became of age. *Held,* that the later grantee could eject an occupant whose title was derived from the former one; and that the record of the later deed was a sufficient revocation of the earlier one without making re-entry.

Error to Gratiot. (Hart, J.) Jan. 16.—March 6.

EJECTMENT. Defendant brings error. Affirmed.

*A. A. Ellis* for appellant. The party holding under an infant's deed has a fee-simple title, subject only to revocation by the infant, or his heirs or personal representatives, within the period of the statute of limitations, after the infant comes of age: *Bool v. Mix* 17 Wend. 125 ; *Wheaton v. East* 5 Yerg. 41 ; 2 Kent's Com. 236 ; *Holmes v. Rice* 45 Mich. 142 ; *Drake v. Ramsay* 5 Ohio 251 ; *Irvine v. Irvine* 9 Wal. 626 ; *Voorhies v. Voorhies* 24 Barb. 150 ; *Dominick v. Michael* 4 Sandf. 418 ; see also *Green v. Green* 69 N. Y. 553 ; *Clawson v. Doe* 5 Blackf. 300 ; *Moore v. Abernathy* 7 Blackf. 442 ; re-entry is necessary to revocation : *Worcester v. Eaton* 13 Mass. 375 ; *Roberts v. Wiggin* 1 N. H. 73 ; though it is held that the giving of a second deed is a good revocation of the first : *Peterson v. Laik* 24 Mo. 541 ; *Cresinger v. Welch* 15 Ohio 156.

*W. E. & J. H. Winton* for appellee. One who has conveyed land when an infant, may avoid his grant by the same solemnity with which he made it—as, if it were a feoffment with livery, by a subsequent feoffment and livery; if a bargain and sale, by a subsequent bargain and sale: *Jackson v. Burchin* 14 Johns. 124; *Jackson v. Carpenter* 11 Johns. 539; conveyance of land made by an infant may be avoided by him after attaining his majority, by *entry, ejectment, by another absolute conveyance of the same land* to a third party, or by any act manifesting his intention to avoid it: *Irvine v. Irvine* 9 Wall. 617; *Dixon v. Merritt* 21 Minn. 196; *Hastings v. Dollarhide* 24 Cal. 195; *Scott v. Buchanan* 11 Humph. 468; *Norcum v. Sheahan* 21 Mo. 25; *Scranton v. Stewart* 52 Ind. 69.

SHERWOOD, J. Ejectment to recover forty acres of land lying in the county of Gratiot. Plea, general issue, with claim for improvements, and with request that value of premises be found without the improvements, and whether the premises had been peacefully occupied by defendant and his grantors, and if so, how long; and the increased value of the premises by reason of the improvement.

The defendant claims to derive title to the land under and by virtue of a deed obtained from Mary McCartney while an infant under the age of sixteen years.

The cause was tried by Hon. Henry Hart, circuit judge, without a jury, who, at the request of counsel for defendant, made special findings of the facts and the law. The plaintiff had judgment for the premises, and the defendant was allowed twenty-five dollars for his improvements. The case now comes before us on error upon the findings of the circuit judge.

From such findings it appears that the land in question was entered by Richard M. Daniels, and by regular transfer, shown by proper conveyances, the title was conveyed to the minor, Mary McCartney, March 9, 1876. She then conveyed to Chapman; Chapman to Bull; Bull to Corey; and Corey to Bennett, the defendant. Mary McCartney became of age in November, 1881, and on the 17th day of May following she conveyed the premises to the plaintiff's grantor. It further

appears that the land has been continuously occupied by the defendant and his grantors since 1854; that Miss McCartney at, and for several years immediately prior to, the defendant's purchase, resided out of the county and had not seen the lands for three or four years; that no possession of the premises was ever demanded or notice to quit given before suit brought; that Mrs. Taft (Miss McCartney's name after marriage) never gave any notice or did anything to revoke her first deed, except the making of the conveyance to plaintiff's grantors; that the defendant has peaceably occupied and possessed the premises in question as a part of his farm from the time of his purchase until the commencement of this suit; and that the improvements he has made increased the value of the land twenty-five dollars.

Upon these facts the circuit judge held as matter of law that the giving and recording of the deed to plaintiff's grantors after Mrs. Taft became of age, at the time she did it, was a good revocation of her first deed, and without other or further act or acts entitled the plaintiff to bring this suit against her first grantee in possession, and that defendant could recover the twenty-five dollars for improvements. We think the finding was correct, and we see no error in the record as presented.

The deed of an infant is voidable, and must be avoided before the action will lie; but when properly avoided no other thing is necessary to be done before bringing suit. The necessity for the infant to make entry before giving the deed of avoidance, or before bringing suit, does not exist in this State. Title by descent, and our mode of transferring title by deed, are regulated by statute. The old common-law doctrine of feoffment with livery of seizin does not constitute any part of our law of conveyancing. Our registry laws supply their place, and furnish the notoriety of transfer intended to be given by that ancient mode of passing title; and the making and recording of the second deed in this case was entirely sufficient. How. St. ch. 216; §§ 5652, 5657; 1 Pars. Cont. (3d ed.) pp. 373, 374; *Eagle Fire Co. v. Lent* 6 Paige 635; *Cresinger v. Welch* 15

Ohio 192; *Jackson v. Carpenter* 11 Johns. 539; *Jackson v. Burchin* 14 Johns. 124; *Hoyle v. Stowe* 2 Dev. & B. Law 320; *Tucker v. Moreland* 10 Pet. 58; Bingham on Infancy 60; *Dixon v. Merritt* 21 Minn. 196; *McGan v. Marshall* 7 Humph. 121; *Peterson v. Laik* 24 Mo. 541; *Drake v. Ramsay* 5 Ohio 252; *Hastings v. Dollarhide* 24 Cal. 195; *Pitcher v. Laycock* 7 Ind. 398; Laws 1881 p. 385; *Crane v. Reeder* 21 Mich. 82; *Prout v. Wiley* 28 Mich. 164.

This record fails to show any equities existing which required action on the part of the minor after she arrived at age, or her grantee, to make notice necessary before bringing suit. We find nothing in the case showing the plaintiff in any way estopped from bringing his suit.

There is no statement or finding, or request to find, the value of the premises when purchased by defendant, or the price he paid for the same, if anything; but for the improvements made he is allowed twenty-five dollars.

There may be cases at law where the court, for the purpose of protecting the rights of innocent bona fide purchasers, will hold the infant estopped from bringing suit; and others, of extreme hardship to the innocent purchaser, where courts of equity will not allow his title to be disturbed, when the court can see that the interests of the minor have not been prejudiced. But the defense in this case rests upon no such state of facts or equities, and we think the finding of the circuit judge supports the judgment he rendered in the case, which must be

Affirmed.

The other Justices concurred.