## ORA H. CORBETT v. MARY E. SPENCER, ISAAC B. TURNER, AND GEORGE H. ARCHER.

*Infants—Disaffirmance of deed—Evidence.*

1. A land-owner conveyed a parcel of land during her minority, and after arriving at full age deeded the same land to another person. *Held,* a disaffirmance of her *first* deed, and that the *second* grantee could maintain ejectment for the premises.

2. On the testimony in this case (see opinion, pp. 732-734),— *Held,* that the *minority* of defendants' grantor at time she conveyed to them the premises in dispute is so fully established as not to be open to question.

Error to Livingston. (Newton, J.) Argued November 12, 1886. Decided November 17, 1886.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Rollin H. Persons (Mitchel & McGarry,* of counsel), for appellant.

*L. S. Montague* and *Fred H. Warren,* for defendants.

CAMPBELL, C. J. Plaintiff brought ejectment for certain lands conveyed to him in September, 1879, by one Ada Dibble, who was, in 1876, the widow of one Bodine, from whom she received the title. Defendants claim under a deed from Mrs. Bodine dated April 11, 1876. Plaintiff claims that Mrs. Bodine was then an infant somewhat less than 18 years old. This deed was made to William H. Spencer, and the defendant Mary E. Spencer, who survives him.

Spencer conveyed to Mrs. Bodine, in exchange for the prem-

63 731
90 125

63 731
98 392

63 731
106 444

63 731
118 488

63 731
135 ¹325

63 731
151 ² 39

ises in controversy, a lot in Fowlerville, where the premises in dispute are also situated, which in the subsequent November she conveyed back to him, receiving in return three horses, a wagon and harness, and some money, the amount of which is not shown. This property was disposed of by her second husband, Mr. Dibble, within six months after it was received, or by May, 1877.

Spencer improved the premises in dispute, and sold part of them. He also sold the other lot, and after becoming of age, in 1879, Mrs. Dibble confirmed his vendee's title by a proper release.

Upon the trial the chief issue was concerning Mrs. Bodine's age. There was no evidence tending to show confirmation of the sale, if she was a minor, except the reconveyance to Spencer of the other lot, and the conversion of the personal property, all of which plaintiff claimed was during her minority.

As some collateral disputes arose concerning dates and years, it is necessary to consider how her age was shown by the respective litigants.

All of plaintiff's testimony shows she was born in the summer of 1858, on August 28, in Ashtabula county, Ohio, from which place her parents came very soon after to Michigan. This is shown by the positive evidence of James Ferguson, her father, who swore to her being one of a pair of twins, Ida and Ada, who had an older sister, Isabel, born of the same parents, and a still older half-sister, by the same father. His wife, Mrs. Martha Ferguson, swore to the same facts, each giving dates and circumstances, the names and residences of other persons cognizant of the facts. They were married in 1853, in May, and Isabel was born the next March. Another child was born, according to Mrs. Ferguson, between two and three years after Isabel, who died very young. A brother of the parents, John Ferguson, corroborates them throughout.

Doctor Andrew Blanck, a practicing physician of Howell, testifies to treating one of the twins in November, 1858, and that they were then but a few weeks old. Mrs. Beardsley and her daughter, Mrs. Donnelly, old residents of Howell, swear very positively to their age.

Israel Ferguson, a brother of the parents, living in Ashtabula, Ohio, swears that when the family moved to Michigan, in 1858, the twins were not over six or eight weeks old.

Enos Morgan and his wife, of the Morgan settlement, in the same county, fix the children's birth, by various facts connected with their own movement into the settlement, in August, 1858. Mrs. Chatfield, of the same place, was present at their birth, and helped take care of them, and is equally clear. All these witnesses also fix the time of their moving into Michigan at the same time, and the age of the twins at that time as not much over six weeks.

Benjamin F. Button, who took the acknowledgment of the deed to Spencer, swears that he called Spencer's attention immediately thereafter to the supposed minority of Ada Bodine.

Mr. McIntosh, the purchaser from Spencer of the other Fowlerville lot after Mrs. Bodine had reconveyed it, swears he then spoke with Spencer about her minority, and proposed to buy her off when she came of age, and that when she conveyed to plaintiff he obtained her release. The census returns show shat she was named in 1860 as two years old, and in 1870 as twelve years old.

To show that she was older, Mrs. Spencer swore that her father, Mr. Ferguson, represented she was of age when the purchase was made, which he negotiated. This was objected to as incompetent. No attempt was made to lay any foundation for it by impeaching questions to Mr. Ferguson. Both Mr. and Mrs. Spencer say the question of her minority was referred to, and Ferguson asked about it, but do not swear to any fixing of time or age otherwise.

Thomas Gordon, who was a teacher in Howell, as he says, in 1859, swears to seeing the twins that year playing in a sand-bank in such a way as would indicate they were four or five years old. Theodore Staley gave some testimony tending in the same direction, but not definite in time. His wife testified that the twins afterwards played with her son, who was born in 1857, and thinks they were older. Ardelia Durfee only remembers seeing them as babies in long dresses before she was married, in March, 1858. The testimony on both sides shows they came to Michigan in the fall of 1858.

Gordon's testimony is the only testimony that would have any tendency to show that Mrs. Bodine was of age in 1876. In the face of the other testimony, in our opinion it amounted to nothing. He showed no such knowledge of the children, or of their ordinary appearance and apparent age, as would justify any court in allowing a jury to act upon it; and a verdict given in the face of the positive proofs of plaintiff's witnesses should not, under any circumstances, be allowed to stand. It is consistent with none of the other testimony on either side, and has no element of certainty in it.

The court below told the jury that if Mrs. Bodine was an infant when she conveyed to Spencer, in the spring of 1876, and was of age when she reconveyed the other lot, the same year, she was thereby bound as confirming the earlier deed. There was no testimony from any witness which had any legal tendency to prove that she could have been of age in any part of that year if not of age in the spring; and the same remark will apply to the effect of her retaining the horses and other personal property. No testimony in the case tended to prove that she came of age in the interval before they were disposed of.

It is difficult to see how the jury could have reached the conclusion they did in any view of the testimony. But the charge of the court gave them to understand that these questions were open, and went further in regard to the time and

conditions of disaffirmance in the general charge than in the special requests. We simply refer to the former decisions of this Court, none of which would, upon any testimony shown by this record, leave any question of the sufficiency of the disaffirmance open.[1] *Haynes v. Bennett,* 53 Mich. 15; *Corey v. Burton,* 32 Id. 30; *Carrell v. Potter,* 23 Id. 377; *Ryder v. Flanders,* 30 Id. 336; *Prout v. Wiley,* 28 Id. 164.

We do not think it necessary to discuss the other questions.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.

[1] See *Durfee v. Abbott,* 61 Mich. 471.