## SHREEVES v. CALDWELL.

1. INFANTS—CONVEYANCES—DISAFFIRMANCE—DEED BY GUARDIAN.
   A conveyance of an infant's land by her guardian during her minority cannot amount to a disaffirmance of a prior mortgage by the infant.

2. SAME—HOMESTEAD—DEED BY ADMINISTRATOR.
   Where an infant and her husband mortgaged their homestead, a subsequent deed by the husband's administrator did not disaffirm the mortgage.

3. SAME—QUITCLAIM.
   The giving of a quitclaim deed is not a disaffirmance of a mortgage given by the grantor during infancy.

4. TRIAL—THEORY OF PARTIES—APPEAL.
   Where, on the trial of an action of ejectment, both parties gave the court to understand that the only question involved was the validity of certain mortgages, it could not be urged on appeal that there was a failure to show a valid foreclosure.

Error to Benzie; Chittenden, J. Submitted October 21, 1903. (Docket No. 103:) Decided January 5, 1904.

Ejectment by Helen A. Shreeves against Robert Caldwell and others. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Louisell & Nevius*, for appellant.

*Parm C. Gilbert*, for appellees.

MONTGOMERY, J.   This is an action of ejectment.   In 1898 Homer C. Shreeves was the owner of the premises in dispute, which consist of 40 acres of land, worth about $500.   Shreeves and his wife, May M., occupied the land as a homestead.   In April and May of 1898 Homer C. Shreeves and his wife gave two several mortgages upon the land, and defendants claim title derived by foreclosure of these mortgages.   Homer C. Shreeves died in June, 1898.   The plaintiff is the mother of deceased, and claims under a deed from decedent's father, and also under a guardian's deed executed by the guardian of May M. Shreeves, decedent's widow, under an administrator's deed made by the administrator of Homer C. Shreeves' estate, and finally under a quitclaim deed from May Provo, formerly May Shreeves.   There was testimony tending to show that May Provo, formerly Shreeves, was a minor at the time of the execution of the mortgages in question. The circuit judge directed a verdict for the defendants, and the plaintiff brings error.

It is contended in this court that a deed executed by an infant *feme covert* stands upon the same footing as a deed executed by an infant *feme sole*, and that such deed or mortgage is voidable.   This contention is not controverted, but the consequences which flow from this premise are viewed in quite different lights by the two counsel. It is manifest that a conveyance by the guardian of May during her minority does not amount to a disaffirmance of the mortgages, as such disaffirmance must take place after the majority is attained.   16 Am. & Eng. Enc. Law (2d Ed.), 288, 289.   It is equally clear that, so long as the mortgages remained unavoided, a conveyance by the administrator of Homer C. Shreeves passed no right to disaffirm the mortgages, as this right rested in May Provo. The question presented is whether the quitclaim deed executed by May M. Provo after attaining her majority

amounted to a disaffirmance of the mortgages. The deed contained no mention of the mortgages, and, of course, no express disaffirmance, and can only be held to amount to a disaffirmance if the fact of giving such a deed is of itself an assertion of such an intention.

It has been held in a number of cases in this court that where one has, during minority, made a deed of land, and after reaching majority makes a deed to another, this amounts to a disaffirmance of the voidable deed. *Haynes* v. *Bennett*, 53 Mich. 15 (18 N. W. 539); *Corbett* v. *Spencer*, 63 Mich. 731 (30 N. W. 385); *Prout* v. *Wiley*, 28 Mich. 164. But, to constitute such second deed a disaffirmance, it must be inconsistent with the deed executed during infancy. 16 Am. & Eng. Enc. Law (2d Ed.), 290. In *McGan* v. *Marshall*, 7 Humph. 121, it was held that a mortgage of land given by an adult did not amount to a disaffirmance of a mortgage given during infancy. In the well-considered case of *Singer Manfg. Co.* v. *Lamb*, 81 Mo. 221, the question was distinctly presented, and it was held that a quitclaim deed could not be treated as a disaffirmance of a mortgage given during infancy, on the ground that both instruments could stand together; the deed not being inconsistent with the mortgage, and being operative to convey the equity of redemption. See, also, *Eagle Fire Co.* v. *Lent*, 6 Paige, 635. There was no error in the ruling of the circuit judge on this point.

It is further contended that, as no legal foreclosure of the mortgages was shown, the plaintiff was, in any view, entitled to recover. At the opening of the trial, plaintiff's counsel stated:

"The only question involved, as we understand it, is the legality and validity of these mortgages. If these mortgages are valid, and there is no defect—no irregularity—in the foreclosure of these mortgages, then we are not entitled to recover."

Later in the case, when the subject of disaffirmance was under discussion, and after hearing counsel on both sides upon the proposition to direct a verdict for defendants, the

court said, "This matter, in my opinion, resolves itself into a question of law entirely." Plaintiff's counsel responded, "Exactly." We think the circuit judge had the right to understand, and did understand, that the question discussed was treated and considered by both parties as controlling.

Judgment affirmed.

The other Justices concurred.