THE CADILLAC AUTOMOBILE COMPANY OF ILLINOIS, Appellant, *vs.* ELMER E. BOYNTON *et al.* Appellees.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

INJUNCTION—*meritorious defense must be shown on bill to enjoin collection of judgment.* In a proceeding in equity to enjoin the collection of a judgment at law upon the ground that there was no service of process, the question whether there is a meritorious defense to the suit at law is as important as the question of service, and the complainant must prove such meritorious defense, or, if proof is waived or the defense admitted, preserve evidence of the fact in the record.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

B. F. LICHTENBERGER, and FAISSLER & COCHRAN, for appellant.

CLIFFE & CLIFFE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a decree of the circuit court of DeKalb county dismissing a bill to enjoin the collection of a judgment recovered by the appellee Boynton against appellant, on the ground that there was no service of process on appellant and that it was not indebted to Boynton.

The defendant Boynton, having answered, filed a motion to dissolve the injunction, and at the June term, 1906, it was agreed that the cause should be heard in vacation. No hearing was had, however, and at the October term a replication was filed, and the record shows that the cause was heard and taken under advisement, to be decided as of the first day of the next term. It was not so decided, but on March 18, 1907, during the February term, the cause

was heard, the equities of the case were found for the defendant, the injunction was dissolved and the bill dismissed for want of equity. No evidence was offered on the hearing as to the existence of any indebtedness from appellant to Boynton. The summons in the action which resulted in the judgment sought to. be enjoined was served upon E. H. Cohoon, as agent of appellant, and all the evidence offered was directed to the question whether or not he was such agent. The question whether or not appellant was indebted to the plaintiff in the judgment was equally important, for it is a well settled rule of law that equity will not enjoin the collection of a judgment, even though rendered without service of process, unless a meritorious defense is shown. (*Reed* v. *New York Exchange Bank,* 230 Ill. 50.) No meritorious defense appearing to the judgment, the bill was properly dismissed.

It is, however, contended by appellant's counsel that at the hearing, by agreement of counsel and consent of the court, all issues involved, but one, were waived, and the determination of the suit made to depend and rest upon the question of law whether a certain contract between E. H. Cohoon & Co. and the appellant constituted E. H. Cohoon an agent of appellant on whom service of summons in the original suit could be made. No such agreement appears in the record. The certificate of evidence, after reciting a hearing upon bill, answer, replication and testimony, proceeds as follows:

Counsel for defendant reads motion to dissolve injunction. Counsel for complainant objects to a hearing on the motion to dissolve, and suggests that a replication is filed and asks for a hearing as to issues, as made up.

Counsel for defendant: "I don't think because there is a replication filed that it can change any issue made on a motion and affidavits."

The court: "My notion is that we are hearing the case on the issues as made up."

Counsel for complainant: "I am willing to have this case decided and make a pretty short record. If we have set out the contract correctly we can offer that contract in evidence, and I can't think just at this moment of what anybody wants of any more."

Counsel for defendant: "I will tell you what I will do. I can get Cohoon and Olmstead here this afternoon, but their affidavits are on file and can be read in evidence. I have the original appointment and will offer it in evidence, and that will raise the flat question of law right up to the court. I want to read in evidence the affidavits of Cohoon and Olmstead showing that we delivered a copy of the summons served on Cohoon to this man Foster, the general manager, then we can go to a hearing just as if they were present."

Counsel for complainant: "We would object on the ground that they were immaterial, and not on the ground that the evidence was in the shape of affidavits."

Counsel for defendant offers in evidence a memoranda of agreement between complainant and E. H. Cohoon & Co., dated February 24, 1905.

Counsel for complainant: "You don't claim that Cohoon had any authority other and different than what is shown by that contract, do you?"

Counsel for defendant: "No."

Thereupon the hearing proceeded and such evidence was heard as was offered. There was no waiver of any proof by either party. The court announced that the hearing was on the issues as made up. One of those issues was the existence of a meritorious defense to the claim against the appellant. It was not misled by any action or words of Boynton or his counsel which appear in the record. It was appellant's counsel who objected to a hearing on the motion to dissolve, and called attention to the fact that the issues had been made up by the filing of a replication. The burden of showing a meritorious defense was on the appellant,

and it should either have shown such defense, or, if it was admitted or proof thereof waived, should have preserved evidence of the fact in the record.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*