CHICAGO—FIRST DISTRICT—JANUARY, 1910.    417

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

---

## The Congregation of the Resurrection, Appellant, v. Frank J. Laibe, Appellee.

### Gen. No. 14,849.

1. JUDGMENTS—*what not collateral attack.* A cross-bill to set aside a judgment on which a creditor's bill is based, on the alleged ground that the defendant in the action at law and cross-complainant in equity, had a good defense to such action, which, without fault or negligence on his part, he was not permitted to make, in the action at law, constitutes a direct and not a collateral attack on the judgment so sought to be set aside.

2. JUDGMENTS—*when not set aside in equity.* A court of equity will not set aside a judgment at law or enjoin its collection unless a meritorious defense is shown and the burden of showing the meritorious defense is on the complainant.

3. JUDGMENTS—*when assignment becomes effective.* An assignment of a judgment becomes effective only upon acceptance by the assignee.

4. PLEADING—*when filing of replication waived.* Both parties having introduced on the hearing evidence in the cause made by the bill and answer thereto, the defendant to a cross-bill is deemed to have waived the filing of a replication.

5. PRACTICE—*how authority of attorney to file bill of complaint should be raised.* A defendant if he desires to raise the question of the authority of the complainant's solicitor to file the bill of complaint, should do so by motion on that ground supported by affidavit.

6. AGENCY—*when superior of chapter not authorized to bind society.* The superior general of a chapter which is a branch of a parent religious society is not authorized to bind such society by contracts made in its behalf.

Creditor's bill. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded with directions.

418     APPELLATE COURTS OF ILLINOIS.

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

Opinion filed January 24, 1910.   Rehearing denied February 10, 1910.

**Statement by the Court.**   Appellant, as the assignee of a judgment for $1,255.75, recovered by Paul Smolikowski against appellee Laibe in the Circuit Court of Cook county May 15, 1906, filed in said court April 26, 1907, a creditor's bill against appellee, Hattie Laibe, his wife, and Charles Deubler, to subject to the payment of said judgment the money due on a certain other judgment for $2,500 recovered by appellee Laibe against the city of Chicago April 20, 1907. The bill was before final hearing dismissed as to the defendants Hattie Laibe and Duebler.   On the filing of the bill an order was made that a writ of injunction issue restraining Laibe and Duebler from collecting said judgment, etc.   April 30, on motion of Laibe and Duebler, and on their admission in open court that, "the money consideration for the assignment of said judgment had not been passed as between the parties thereto," and with the consent of all parties to said cause, an order was entered whereby Duebler was permitted to pay to the clerk of said court $2,450, the assignment of the judgment to him was confirmed and the bill dismissed as to him.   May 14, 1907, by consent of parties, it was ordered that the clerk pay $850 of the sum so deposited with him by Duebler to Laibe or his solicitor.   May 27, the demurrer of Laibe to said creditor's bill was sustained, and complainant given leave to amend.   The next day an amendment to the bill was filed.   Laibe filed his answer to the bill as amended, and complainant filed a replication to the answer.   December 11, 1907, Laibe filed in said cause his amended cross-bill against the complainant therein as sole defendant, praying that the judgment on which the cross-bill was based be set aside.   The defendant to the cross-bill filed an answer, but no replication was filed.   The cause was submitted to the court on the pleadings and evidence of the respective parties heard in open court, which was preserved by a certificate of

evidence. The decree of the court was, "that said judgment be set aside, but to stand as security; that said cause be reinstated on the docket of the court as it was on April 13, 1906; that each party be permitted to take such further steps in the prosecution or defense of the cause as they may be advised," and that the court "hereby reserves jurisdiction of the cause for the furtherance of the objects of this decree." From this decree the Congregation of the Resurrection, complainant in the bill and defendant to the cross-bill, prosecutes this appeal.

THOMAS J. O'HARE, for appellant.

J. W. SUTTON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

We think that the filing of the cross-bill to set aside the judgment on which the creditor's bill of the complainant was based, on the alleged ground that the defendant in the action at law and cross-complainant in equity, had a good defense to such action, which, without fault or negligence on his part, he was not permitted to make, in the action at law, constitutes a direct and not a collateral attack on the judgment so sought to be set aside.

Both parties introduced on the hearing evidence on the case made by the cross-bill and answer thereto, and thereby the defendant to the cross-bill must be deemed to have waived the filing of a replication. Jones v. Neely, 72 Ill. 449.

The complainant corporation was organized under the laws of Kentucky, and its charter recites that it was organized to establish and carry on colleges and schools to assist in the spread of the Christian religion and to provide ministers for churches when requested by the bishop of the diocese. It is not a "foreign corporation for profit," and is not within the provisions and prohibitions of the Foreign Corporation Act of

420   APPELLATE COURTS OF ILLINOIS.

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

this state. Appellee has assigned cross-errors, one of which is that the court erred in denying his motion to dismiss the original bill on the ground that the authority of the solicitor to file the same was not shown. We find in the record no motion in writing to dismiss the bill. June 21, 1907, after the consent orders had been made permitting Deubler to pay into court $2,450, and confirming the assignment of the judgment to him and permitting the defendant Laibe to withdraw $850 of the money so paid into court, and after appellee Laibe had answered the bill, an order was made denying Laibe's motion to dissolve the injunction and dismiss the bill. The answer alleged, on information and belief, that the bill was filed "without the knowledge or consent of complainant corporation." The defendant, if he desired to raise the question of the authority of complainant's solicitor to file the bill, should have done so by motion on that ground, supported by affidavit. We do not think that on the motion to dismiss made in this cause, after answer, complainant's solicitor was required to show his authority to file the bill, and the motion to dismiss was therefore properly denied.

The judgment was recovered in an action at law brought by Valerian Przewlocki for the use of Paul Smolikowski against Frank J. Laibe on the following promissory note:

800.00.                            "ROME, Dec. 23d, 1889.

Within five years from date I promise to pay to the order of Very Rev. V. Przewlocki, Superior General of the Congregation of the Resurrection, the sum of Eight hundred ($800) Dollars, without interest value received.

F. J. LAIBE.

Attest
    DAVID FENNESSY."

The defendant pleaded non assumpsit and a plea of set-off, in which he averred that the plaintiff was indebted to him in the sum of $1,000 for services, etc. March 27, 1906, the suit was dismissed for want of

prosecution and judgment entered that defendant go, etc., and recover of the plaintiff his costs.  April 12, 1906, on motion of plaintiff's attorney it was ordered that the judgment of March 27 be vacated and the cause reinstated and placed on the trial call.  May 15, 1906, the cause was called for trial in the absence of the defendant, and on motion of plaintiff's attorney the death of the plaintiff was suggested, and it was ordered that the cause proceed in the name of the usee, Paul Smolikowski, as plaintiff; that he be substituted as plaintiff in place of said deceased, and that the title of the cause and, "all papers herein stand changed and amended accordingly."  Leave was given the plaintiff to increase the *ad damnum* from $1,200 to $1,300, a jury was impaneled and sworn, a verdict for the plaintiff for $1,255.75 returned and judgment entered on the verdict.

On the hearing of the cause in equity, defendant and cross-complainant Laibe put in evidence certain rules of the Circuit Court and a notice by plaintiff's attorney to defendant's attorney in the action at law, that defendant would on April 12 move to vacate the order dismissing the cause for want of prosecution, with an affidavit that said notice was served on the defendant Laibe April 11, 1906, by leaving a copy thereof with his wife at his residence.  Both parties introduced evidence as to the service of said notice; that for appellee tending to show that the notice was not served on Mrs. Laibe, and that appellee Laibe had no notice or knowledge thereof until after judgment; and that for appellant tending to show that a copy of the notice was delivered to Mrs. Laibe April 11, 1906.  It is well settled that a court of equity will not set aside a judgment at law, or enjoin its collection, unless a meritorious defense is shown, and the burden of showing a meritorious defense is on the complainant. Cadillac Auto Co. v. Boynton, 240 Ill. 171.  If, therefore, it be conceded that under the rules of the court the order and judgment of March 27 could not properly

422    APPELLATE COURTS OF ILLINOIS.

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

be vacated and the cause restored to the trial call without notice to the defendant, and that no copy of the notice of the motion to vacate and reinstate was in fact delivered to defendant's wife, or served on defendant as required by the rules of the court, the question remains whether the evidence shows that the defendant had a meritorious defense to the action at law.

The society or order of the Congregation of the Resurrection is a Roman Catholic society or order. The principal object of the society is to establish and carry on schools for the education of prospective members of the society who are to become either ministers or teachers. The mother house or chapter of the society is at Rome, and there are eighteen or twenty chapters in different parts of the world. When a church, college or school is established by members of the Congregation, such church, college or school becomes a house or chapter of the Congregation of the Resurrection. Each church, college or school is under the charge of a superior, who receives the revenue and pays the expenses of such church, college or school. A group of churches, colleges or schools is formed into a congregation under a local head called a provincial. At the head of the mother house in Rome is an officer called the superior general. In 1889, when the note sued on was given, Valerian Przewlocki was superior general, and when the judgment was recovered Paul Smolikowski was superior general. The mother house of the congregation at Rome is not incorporated. It maintained there a college, at which appellee Laibe was educated. If he had become either a priest or a teacher in a school of the society, no charge would have been made for his education, but when he decided to no longer remain a prospective member of the society, he was asked to give a note for his tuition and maintenance at the college of the society, and he gave the note sued on. He did not, in the action at law on the note, plead a want or failure of consideration. Nor has he in his cross-bill alleged that the note was with-

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

out consideration.   Appellee is a physician and sur-
geon and began practice in Chicago about 1894.   At
that time Father Vincent Barzinski was the provincial
of the congregation in Chicago, and in his province
were four churches or parishes, a college and a school,
each under a superior, and Father Barzinski was the
superior of the largest church, St. Stanislaus, as well
as provincial.   The defense which appellee in his cross-
bill alleged that he had to the action at law on his note,
was that at the request of Father Barzinski he, as a
physician, treated members of St. Stanislaus church
in behalf of the Congregation of the Resurrection;
that in 1895 or 6 Father Barzinski told him that he
would allow him to treat members of the congregation
and of the parish in order to liquidate the note sued
on; that he rendered services accordingly, and that
Father Barzinski, some months prior to his death in
1900, told appellee that he would procure the note and
have it cancelled; that he considered that appellee's
obligations to the congregation were fulfilled.   There
is no evidence tending to show that Father Barzinski
ever had possession of the note, or that he had any
correspondence or other communication with the payee
of the note or with any officer or member of the
mother house at Rome in respect to said note.   We
are unable to find in the record any evidence to show
that Father Barzinski, either as provincial, or as su-
perior of St. Stanislaus church, had authority, either
from the payee of said note, or from the mother house
of the congregation at Rome, to employ a physician to
treat members of the congregation or members of his
church in Chicago for or in behalf of the payee of said
note, or for or in behalf of the mother house of the con-
gregation at Rome.   Each church or parish, college or
school, while a house of the Congregation of the Res-
urrection, and in religious or spiritual matters subject
to the control of the superior general at Rome, is, in
respect to its revenues and business affairs, an inde-
pendent, not a dependent house.   It is true that the

424    Appellate Courts of Illinois.

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

superior of each house was required once a year to make a report to his provincial of the receipts and disbursements of his house, and the provincial was required to render each year to the superior general an account of receipts and expenses, with a copy of the accounts of each house under his jurisdiction. But there is no evidence tending to show either that the provincial or the superior of any house ever remitted money to the superior general, or that the superior general or the mother house at Rome ever paid anything towards the expenses of maintaining any church, school or college of the congregation other than those at Rome. The fact that each superior was required to make a report to his provincial, and the provincial to the superior general, does not tend to show authority on the part of the provincial or of a superior to make contracts for or in behalf of the superior general or the mother house. The recovery was on the face of the note, with interest at five per cent from the maturity of the note, five years after its date, to the date of the judgment.

The evidence, in our opinion, fails to show a meritorious defense to the action at law, and for that reason the cross-bill should have been dismissed for want of equity.

The judgment of appellee Laibe against the city of Chicago was rendered April 20, 1907, in the Circuit Court. On the same day there was filed in the office of the clerk of said court an assignment of said judgment by Laibe to Deubler. The bill of appellant filed April 26, 1907, alleges that said assignment had not been consummated by the passage or payment of any consideration; that Deubler still retained the consideration and held said assignment for the use and benefit of Laibe. Laibe's suit against the city of Chicago was prosecuted under an agreement with Mr. Sutton, his attorney, that the latter should receive for his services one-half of the recovery, and that out of Laibe's half should be paid $200 to counsel who assisted Mr. Sut-

CHICAGO—FIRST DISTRICT—JANUARY, 1910.  425

The Congregation of the Resurrection v. Laibe, 152 Ill. App. 417.

ton in the trial of the case. Mr. Sutton testified that
the assignment when executed and acknowledged by
Laibe did not contain the name of an assignee; that
Charles Roche told him that Deubler would pay $2,450
for the judgment provided the city attorney would
execute a waiver of the right of appeal or writ of
error; that he then inserted the name of Deubler in the
assignment as assignee, and delivered it to Roche.
The assignment recites that it was executed in consid-
eration of $2,450 paid by Deubler to Laibe before the
execution and delivery of the assignment. Neither
Roche nor Deubler was called as a witness. The sum-
mons issued on the creditor's bill filed by appellant
was served on all of the defendants April 26, 1907.
Mr. Sutton further testified that the city attorney did
not execute the waiver of the right to appeal or a writ
of error until eight or ten days after the judgment was
rendered, and that Deubler would not pay the money
he was to pay for the judgment until the waiver was
executed. April 30, 1906, the defendants Laibe and
Deubler moved for an order permitting Deubler to
pay to the clerk $2,450 as the proceeds of the sale of
the judgment and to permit a consummation of the
sale thereof, and both admitted in open court that the
money consideration for the assignment of said judg-
ment had not yet passed as between the parties, and
the court thereupon, by consent of all parties, ordered
that Deubler pay to the clerk $2,450, and that there-
upon said sale stand confirmed, and Deubler paid said
sum to the clerk and the bill was dismissed as to him.
The agreement between Laibe and Sutton gave to Sut-
ton no lien on the judgment. North Chicago St. R. R.
Co. v. Ackley, 171 Ill. 100. There is no evidence that
Roche had any authority to make an agreement for
Deubler that the latter would purchase the judgment.
All that Roche said was that Deubler would pay a cer-
tain sum for the judgment provided the city attorney
would waive the right of appeal or writ of error.
Deubler was not bound to accept the assignment or

buy the judgment. The assignment of the judgment to Deubler became effective only on its acceptance by Deubler, and there is no evidence tending to show that it was accepted by Deubler until April 30, when, pursuant to the consent order then made in the cause, he paid to the clerk of the court $2,450, and the bill was dismissed as to him. The general rule is that the filing of a creditor's bill and service of process create a lien on the equitable assets of the judgment debtor. King v. Goodwin, 130 Ill. 102.

We think that under the facts shown by the evidence in the record, the complainant in the creditor's bill is entitled to have the judgment against appellee Laibe, the defendant to that bill, paid in full out of the money deposited with the clerk of the Circuit Court by Charles Deubler.

The decree of the Circuit Court will be reversed and the cause remanded with directions to dismiss the cross-bill of appellee Laibe for want of equity and enter a decree on the original bill that the judgment recovered by Paul Smolikowski against appellee, Frank J. Laibe, be paid in full out of the money deposited with the clerk of the Circuit Court by Charles Deubler.

*Reversed and remanded with directions.*