BARR *v.* PACKARD MOTOR CAR CO.

1. INFANTS — COMPROMISE AND SETTLEMENT — EQUITY — REPUDIATION OF CONTRACT.

If an infant on arriving at years of discretion repudiates a contract of settlement made by him during minority, he is not required, as a condition precedent, to return the consideration which he has parted with and cannot restore.

2. JUDGMENT—MINORS—SETTING ASIDE COMPROMISE.

It is a general rule that chancery has jurisdiction to set aside judgments rendered in courts of law, and obtained by fraud, actual or constructive; and the rule may be applied in favor of the plaintiff in the judgment as well as defendant.

3. APPEAL AND ERROR—DEMURRER—QUESTIONS REVIEWABLE.

The court on appeal will consider only those points raised by demurrer to a bill in chancery in the circuit.

4. INFANTS—EQUITY—JUDGMENT FOR PERSONAL INJURIES—FRAUD—COMPROMISE AND SETTLEMENT.

Accordingly, it is within the power of the court to set aside a

judgment obtained in favor of complainant by his next friend, in an action brought in effecting settlement of his claim for personal injuries against his master, the agent for an accident insurance company which had indemnified the employer against liability acting as plaintiff's attorney and procuring as such a judgment in his favor for $400 in justice's court; complainant's bill further averring fraudulent representations leading up to the contract of settlement and showing that the compromise was effected with him during his minority and that he had repudiated it after he became of age.

Appeal from Wayne; Donovan, J. Submitted April 4, 1912. (Docket No. 38.) Decided October 7, 1912.

Bill by Harry E. Barr against the Packard Motor Car Company to set aside a compromise made with plaintiff of his claim for personal injuries. From an order overruling a demurrer to complainant's bill, defendant appeals. Affirmed.

*Frank W. Atkinson*, for complainant.

*Keena, Lightner & Oxtoby*, for defendant.

McALVAY, J. This is an appeal from an order, made by one of the judges of the Wayne circuit court, in chancery, overruling the demurrer of defendant to the bill of complaint in the case. From this bill of complaint it appears that the complainant was a minor, employed by the defendant company at work upon a drill press, and had been so employed, under the direction of the officers of defendant, for three days; that this press was not properly fastened to the floor, and the officers of the defendant knew that fact, but complainant was not notified of such condition; that on July 31, 1909, while he was working at the press, it fell over upon him and injured him severely. He alleges that he was treated by three certain physicians, all employed by defendant, who each informed him that his injuries were not serious and would not be permanent, and that he would be entirely well in a few months; that,

relying upon such statements and the same representations, and the further representation that $400 was an adequate sum for damages for his injuries, made to him by Frank R. Dentz, an employé of the Standard Accident Insurance Company, in which defendant was insured, he agreed, on September 20, 1909, to accept in settlement of his claim the sum of $400. He also alleges that while he was a minor, on the same date, the agent of the insurance company prepared certain papers, which are attached to the bill of complaint, in which the agent of the insurance company, Frank R. Dentz, represented himself as his attorney, and a man named Wilson, another employé of the said insurance company, represented himself as attorney for defendant. The said Dentz and Wilson then took him to the justice's court for the city of Detroit, and on the same day, to wit, September 20, 1909, commenced a suit in his name, by one Arthur Elliott, as his next friend, against the defendant company; that issuance of summons was waived and service was accepted by defendant, and a judgment was forthwith entered by one of the justices of the peace of the city of Detroit for the sum of $400, which judgment is of record in said justice's court; that he received the $400 and expended the whole thereof in the payment of board, doctor's bills, and other expenses during his minority; that after he became of full age, instead of getting better and recovering his health, as represented by said doctors and said Dentz he would, he became worse and unable to do any work; that he then gave notice in writing to defendant that he repudiated the settlement made as aforesaid, giving, among other reasons, that it was obtained from him by misrepresentations, and was wholly inadequate, and was made while he was a minor; that afterward the insurance company undertook, but failed, to negotiate a further settlement with him. He further alleges that he desires to commence a suit against said defendant company to recover damages for injuries sustained by him through the negligence of said company; that the aforesaid judgment in the justice's court is a com-

plete bar, unless set aside, and he prays the court that it may be set aside, and that the defendant may be estopped from pleading such judgment as a defense to any action brought by him for damages, and for general relief.

Defendant demurred to the bill of complaint, upon the grounds that complainant had not offered or made tender in the bill, or otherwise, of the sum of $400 paid him by defendant in settlement of his claim, and that the bill of complaint affirmatively shows that complainant is unwilling to do so, and also that a court in chancery had no jurisdiction to "set aside a judgment rendered on the law side of the court, or in the justices' courts for the city of Detroit."

In support of its contention that complainant is required to do equity by returning or making tender of the money received before seeking to set aside the settlement made by him, defendant cites decisions from this court. In the cases cited, which lay down the correct doctrine upon that proposition, the question as to whether it applies to cases of infants is not presented or determined. This doctrine, which requires restitution of consideration received, is not applicable to cases of minors who, on coming of age, repudiate a contract or settlement; and there seems to be no authority to the contrary. If, on coming to the age of discretion, the contract or settlement is repudiated, it will be set aside without requiring a return of consideration, if the minor has parted with it and cannot make restitution. Such cases are an exception to the general rule which defendant relies on, and in support of which he has cited authorities. *Corey* v. *Burton,* 32 Mich. 30; *Shipley* v. *Smith,* 162 Ind. 526 (70 N. E. 803); *Gillis* v. *Goodwin,* 180 Mass. 140 (61 N. E. 813, 91 Am. St. Rep. 265), and cases cited; *Craig* v. *Van Bebber,* 100 Mo. 584 (13 S. W. 906, 18 Am. St. Rep. 569); *McCarty* v. *Carter,* 49 Ill. 53 (95 Am. Dec. 572); *Corbett* v. *Spencer,* 63 Mich. 731 (30 N. W. 385).

The second reason of the defendant, in the words of the demurrer, is—

"Because this court has no jurisdiction in this matter, for the reason that a court of chancery cannot set aside a judgment rendered on the law side of the court, or in the justices' courts for the city of Detroit."

In the argument supporting this ground of demurrer, defendant, in its brief, has enlarged the claim by stating—

"That a chancery court has no jurisdiction to set aside a judgment rendered *in favor of plaintiff* in a suit in the justices' court in the city of Detroit."

This claim does not appear from this record to have been made in the circuit court; nor could it have been made under its demurrer introduced. The argument is silent upon the general proposition set up in the demurrer that a court of chancery has no jurisdiction to set aside a judgment rendered in a court of law, for the reason, doubtless, that the exercise of such jurisdiction has prevailed since courts of chancery were organized. The argument fortifying this position, which defendant now takes for the first time, is that no cases have been found in Michigan where a chancery court has exercised such jurisdiction. It has frequently occurred in the history of jurisprudence that there may be no authority in support of a new question arising in a case; and the logic of the argument relied upon would necessarily be that no new law would ever be promulgated. One of the principal causes for the development of chancery jurisdiction was the necessity of a tribunal clothed with power and authority to set aside judgments fraudulently obtained in courts of law. Accepting the general proposition that chancery has jurisdiction to set aside judgments rendered in courts of law, obtained through fraud, actual or constructive, no reason exists why such courts should relieve defendants and allow plaintiffs to go without remedy under a like state of facts.

This court, where an infant conveyed a parcel of land, and after arriving at full age deeded the same land to an-

other person, held that the second deed was a disaffirmance of the first deed, and that the second grantee could maintain ejectment. *Corbett* v. *Spencer, supra.* In that case the question of the refusal or neglect to return the property received by the infant in payment for the land was decided against the contention of defendant in the instant case. And upon principle the case is in point upon both propositions raised by the demurrer.

The Supreme Court of the United States, in the case of a bill filed to set aside a judgment in favor of complainant for the reason that it was inadequate in amount, granted the relief asked. *United States* v. *Beebe,* 180 U. S. 343 (21 Sup. Ct. 371).

We have discussed all of the reasons specified by defendant in its demurrer to the bill of complaint, and can consider no others. Chancery Rule 9 (*a*), and notes.

The demurrer admits all of the material allegations of the bill of complaint. The bill alleges misrepresentations on the part of the physicians and one of the agents of the insurance company, relative to the seriousness of complainant's injury and the length of time before he would recover, which proved to be misleading. It also shows conduct on the part of agents of the insurance company in bringing about this settlement by complainant with defendant and securing the judgment in its favor, which amounts to constructive fraud. They were dealing with knowledge of the complainant's minority. He shows that he has repudiated the settlement he made. His bill of complaint presents a case entitling him to relief in equity.

The order overruling the demurrer is affirmed, with costs. The case will be remanded, and the defendant will have the time provided by rule in which to answer the bill of complaint, or take such steps as it may be advised.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred.