## BARR *v.* PACKARD MOTOR CAR CO.

1. JUDGMENT—EQUITY—INFANTS—FRAUD—APPEAL.

Where complainant filed a bill in equity to set aside a judgment which by consent had been entered in his favor against defendant in justice's court, averring that he had been induced by the fraudulent representations of the physician of an insurance company which protected defendant against injuries occurring to its employees, to compromise his claim for personal injuries for an inadequate amount, and where the trial court, after hearing the proofs, denied the relief prayed for, on the ground that fraud had not been established, the court, on appeal, will not determine the case on the theory that complainant was an infant and had repudiated the compromise before he became of age, unless it can determine from the record that an injustice has been done and that the contract was induced by fraud or unconscionable methods.

2. SAME—EQUITY—SETTING ASIDE JUDGMENT.

The exercise of equitable jurisdiction to set aside a judgment is rarely exercised, and then, only when it is made clearly to appear that an injustice has been done.

Appeal from Wayne; Mandell, J. Submitted June 19, 1914. (Docket No. 60.) Decided October 2, 1914.

Bill by Harry E. Barr against the Packard Motor Car Company for a decree vacating a judgment in justice's court. From a decree for defendant, complainant appeals. Affirmed.

*Keena, Lightner, Oxtoby & Oxtoby,* for complainant.
*Frank W. Atkinson,* for defendant.

STEERE, J. This is an appeal from a decree of the Wayne county circuit court, in chancery, dismissing complainant's bill filed to obtain cancellation of a judgment in justice's court rendered in his favor by con-

sent on settlement of a claim for damages resulting from personal injuries while in defendant's employ, and praying that defendant "be estopped from pleading said judgment as a defense to any action brought by your orator against it for damages as aforesaid."

A former order of the circuit court, in chancery, overruling a demurrer to said bill, was sustained on appeal to this court, and the case remanded, with leave to defendant to plead over within the time provided by rule. The decision is reported in 172 Mich. 299 (137 N. W. 697). The nature of complainant's claim and the history of the case up to that time sufficiently appear in that decision and need not be repeated here.

On remand of the case defendant made answer and denial of all charges of misrepresentation, or fraud, and other material allegations embodying grounds for equitable relief set out in complainant's bill, and replication thereto was duly filed. The case was then heard on pleadings and proofs in open court. The court found that no grounds for equitable relief stated in the bill of complaint were sustained by the proof, and rendered a decree dismissing the same for want of equities. The findings and conclusions of the court as to the equities of the case, as disclosed by the evidence, are in part as follows:

"The hearing hereon was had in open court, where all of the witnesses offered by both the complainant and the defendant were heard at length. None of the allegations of fraud and misrepresentations, in my opinion, as alleged in the bill, were established by the proofs. It appears from the proofs that the complainant, at the time of settlement, was between 20 and 21 years of age; that he lived at home with his mother, and the members of her family; that negotiations with the insurance company for a settlement were initiated by him, and that on two or three several occasions, when he visited the office of the insurance company,

he was accompanied by his brother Arthur Elliott Barr, a person of full age; that he visited not only the physicians of the insurance company but saw a physician of his own choosing, who for some little time had been his family physician. All of these physicians, except one, were sworn at the hearing hereof. At the hearing complainant testified that he was told by his own physician that his shoulder was dislocated and two of his ribs were broken in the accident that is the subject of his litigation with the defendant. This testimony is denied by his own physician, who testified the complainant consulted him, and that a most thorough examination of the complainant by him failed to disclose any physical injury whatsoever. The other physicians who testified made the same statement, and all agreed that a most thorough examination failed to disclose any objective symptoms whatever. At the suggestion of the defendant, two of the physicians examined the complainant during the hearing of this cause, and they unite in stating that an examination failed to disclose anything the matter with the complainant, except possibly a nervous condition. Dr. Hitchcock, an expert in nervous disease, who is retained by the insurance company, testified that, at the time of his examination of the complainant, the complainant was or pretended to be suffering from certain nervous ailments, but the physicians thought they were due more to imagination and hopes of the outcome of litigation than as any result of the accident complained of. It appeared from the testimony that Arthur Elliott, who appeared at the trial of the case in the justice's court, and who negotiated for him and on his behalf with the insurance company, was in fact Arthur Elliott Barr, complainant's own brother, and a member of his household. It appears further that the money received by the complainant in settlement of his claim was turned over to and accepted by his mother and expended principally in housekeeping expenses; only an insignificant part of this amount was shown by the complainant to have been expended for doctor's services and for medicine. * * * I am of the opinion that this judgment should not be set aside, unless it is shown that it was fraudulently obtained. As there is no proof in the case that

the judgment was fraudulently obtained, and further as it does appear to the court that the amount of the judgment was adequate, and further that it went to his mother, the actual guardian of the complainant, and further that his interests at the hearing and before the trial in the justice's court were fully and fairly represented by his adult brother, Arthur Elliott Barr, I feel it would be inequitable to disturb that judgment and harass the defendant by further litigation."

A careful reading of the pleadings and testimony satisfies us that the record fully sustains these findings and conclusions of the trial court; that complainant's charges of fraud, misrepresentation, and undue advantage are not borne out by the evidence.

It is contended in complainant's behalf that he is entitled, apparently irrespective of all other considerations, to have the judgment of record in the justice's court set aside, "because he was an infant at the time the settlement was made, and because he had repudiated it when he came of age." If so, the questions of fraud, liability of defendant, and adequacy or inadequacy of the amount paid in settlement were immaterial and not properly before the court. Such is not the scheme of his bill. In sustaining said bill on demurrer, this court recognized as the basic, equitable ground for relief the allegations of fraud, misrepresentation, and inadequacy which are now apparently claimed to be unimportant and not properly before the court for consideration. In connection with, and as bearing upon, them, complainant's minority was a factor; but his strictly legal right on coming of age to repudiate without restoration a contract made during minority is not the controlling question in this equity suit. He has appealed on equitable grounds to the chancery court for relief against an alleged unconscionable wrong, and has failed to sustain those grounds which he urged in his pleadings and which he sought to prove. Those questions were germane to

the issue and furnished the moving equities of the bill. When this court said, "His bill of complaint presents a case entitling him to relief in equity," it was dealing with the bill taken as a whole and taken as true, not with a bill merely stating an alleged purely legal right, which might, under the particular circumstances of a special case, be inequitable.

A contract by a minor is not void but voidable. Such contracts are to be enforced or repudiated in a court of equity upon equitable grounds. *Gates* v. *Cornett,* 72 Mich. 420 (40 N. W. 740).

In *Cadillac Automobile Co.* v. *Boynton,* 240 Ill. 171 (88 N. E. 564), it is said:

"The question whether or not appellant was indebted to the plaintiff in the judgment was equally important, for it is a well-settled rule of law that equity will not enjoin the collection of a judgment, even though rendered without service of process, unless a meritorious defense is shown"

—citing *Reed* v. *Exchange Bank,* 230 Ill. 50 (82 N. E. 341), in which it is said a mere general allegation of a good defense is not a sufficient pleading in such a case, but the facts upon which the party relies must be set out.

"A judgment at law may be vacated by a court of equity in a proper case, but the exercise of such jurisdiction is rare. It is only exercised after it has been made to appear clearly that an injustice has been done." *Finn* v. *Adams,* 138 Mich. 258 (101 N. W. 533, 4 Am. & Eng. Ann. Cas. 1186).

We agree with the learned chancellor in this case that it has not been made to appear clearly that an injustice has been done complainant.

The decree is affirmed, with costs.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.